ANDREW COOK V. THE CITY OF TOPEKA.

No. 14,979   (90 Pac. 244.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Injury Caused by Defective Alley—
Notice Describing Place of Accident.* Where one who claims
to have received injuries because of an obstruction in a public
alley files a written statement with the city clerk which com-
plies with the statute (Laws 1903, ch. 122, § 7) in all re-
spects, except that it misdescribes the place, but immediately
upon the filing of such statement the city authorities start an
investigation and the place where the accident happened is
definitely located, and the obstruction removed, *held,* that a
petition stating these facts is not demurrable.

Error from Shawnee district court; ALSTON W.
DANA, judge. Opinion filed April 6, 1907. Reversed.

*W. I. Jamison,* and *Hazen & Gaw,* for plaintiff in
error.

*Frank G. Drenning,* city attorney, and *W. C. Ralston,*
assistant city attorney, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff brought this action to re-
cover damages for injuries sustained by him by the
overturning of his wagon, caused by its coming in con-
tact with an obstruction in one of the public alleys in
the city of Topeka. A demurrer was sustained to his
petition, and the sufficiency of the petition, as against
a demurrer, is the only question for our consideration.

The alleged defect in the petition is that it shows
that the plaintiff had not within four months after the
injury and before bringing the action filed with the
city clerk a written statement giving the time when,
and a description of the place where, the accident hap-
pened, and the circumstances relating thereto, as pro-
vided for in section 7 of chapter 122 of the Laws of
1903. The petition shows that such a statement was

filed with the city clerk within the time required. With respect thereto the petition states:

"Plaintiff further avers that within four months immediately following the receiving of such injuries, as aforesaid, he filed with the city clerk of the defendant city of Topeka a written statement, a copy of which is hereto attached, marked 'Exhibit A' and made a part hereof, and thereby presented to the mayor and council of said city his claim for damages on account of said injuries in the sum of $1000, which claim was, prior to the commencement of this suit, rejected by said mayor and council of defendant city of Topeka.

"But plaintiff further avers that he is an ignorant and illiterate man, and was not at that time acquainted with the names of the streets in the locality where said injuries were received, and that in making out said written statement to be filed with said city clerk he erroneously described the place where said injuries were received as being in an alley on the east side of College avenue, about 100 feet north of Huntoon street, when in truth and in fact said injuries were received in the alley next east of Washburn avenue, about 100 feet north of Twelfth street; that immediately after the happening of said injuries the defendant city of Topeka, through one of its sanitary policemen, to wit, William Core, removed from said alley the obstruction which had caused said injuries; that when said written statement was filed by plaintiff and considered by said mayor and council, through the judiciary committee of said council, the defendant city was fully aware and advised as to the exact place where said injuries occurred and was not misled by the erroneous location given in said written statement; that the defendant city, through said judiciary committee, took up said claim so filed by the plaintiff and gave the same full consideration as a claim for injuries occurring to, and received by, the plaintiff at a point about 100 feet north of Twelfth street, in the alley next east of Washburn avenue, in said city of Topeka, and after said full consideration said claim was rejected by the defendant city of Topeka, as hereinbefore alleged; that said error in describing the place where said injuries were received arose from the ignorance and misunderstanding of plaintiff of the names of the streets in that part of the city of Topeka where said injuries occurred; but the defendant city was not misled thereby, but in fact

passed upon said claim as a claim on account of injuries received by this plaintiff and occurring to him at the place herein correctly described, as above alleged."

The object of filing this statement is to inform the city of the accident, and the place in the street where it occurred, that the city may remove the obstruction from the street or alley or mend the place causing the accident, and also to give the city an opportunity to ascertain the extent of the complainant's injuries and the incidents attending the happening of the accident while the occurrence is fresh in the minds of those who possess information on the subject.

The statement filed in this case was defective in its description of the place where the accident happened, but in that respect it was sufficient to challenge the attention of the city, for it immediately instituted an investigation, which resulted in definitely locating the place where the accident happened, and it removed from the alley the obstruction which caused the plaintiff's wagon to overturn. After having definitely located the place and removed the obstruction the city considered and rejected the plaintiff's claim as for an injury sustained by his wagon's having been overturned by coming in contact with an obstruction in the alley next east of Washburn avenue, about 100 feet from Twelfth street. This is where the accident occurred.

The statute requiring a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed; but with respect to the details of the statement precise exactness is not absolutely essential. If it reasonably complies with the statute, and the city is not misled to its prejudice by any defects of description of the place where the accident happened, the city has no reason to complain. The statement filed in the present case accomplished the object of the statute.

We are aware that other courts have construed similar statutes more strictly. Under many of such decisions the ruling of the trial court could be upheld, but

Cereal Co. v. Alexander.

we are not inclined to follow a strict and technical construction where the object of the statute has been accomplished by the statement filed, notwithstanding a misdescription of the place.

It follows that the cause must be reversed, with instructions to overrule the demurrer.