No. 21,197.

MARIE McHENRY, *Appellee*, v. THE CITY OF KANSAS CITY, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Ice on Sidewalk—Personal Injuries—Written Statement of Claim for Damages.* Under section 1460 of the General Statutes of 1915, before commencing an action for personal injuries against a city of the first class conducted under commission government, it is necessary, within four months, to file a written statement with the city clerk, giving the time, place and circumstances relating to the injuries sustained.

2. SAME. The written statement of injuries, which is required by statute as a condition precedent to the maintenance of an action against a city for such injuries, must be sufficiently accurate that the city will not be misled thereby.

3. SAME—*Personal Injuries—Defective Statement of Claim for Damages.* Where a petition alleged that plaintiff sustained injuries by a fall on a public sidewalk, and alleged that the accident occurred on January 19, 1916, and a copy of the statutory written statement attached to the petition recited that the injuries were sustained on January 12, 1916, the discrepancy between the dates is one of substance tending to mislead the city and not a mere defect in the form of the statement, and a demurrer to the petition should be sustained.

McHenry·v. Kansas City.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge.   Opinion filed June 9, 1917. Reversed.

H. J. Smith, Lee Judy, and Thomas M. Van Cleave, all of Kansas .City, for the appellant.

Paul H. Ditzen, of Kansas City, and Milton Schwind, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.:  The plaintiff brought this action for damages against the city of Kansas City on acount of injuries which she suffered by falling on a public sidewalk which the city had knowingly and negligently permitted to remain for a long time covered with ice.  Her petition alleged that she received these injuries on or about January 19, 1916, and it concluded with the following allegation:

"Plaintiff further alleges that within four months after said injury complained of she filed with the city clerk of Kansas City, Wyandotte county, Kansas, a statement setting forth the time, place and circumstances of the injuries complained of; that plaintiff failed to state therein the exact date of injury.  A copy of said statement is attached to this petition, marked Exhibit "A.' "

Exhibit "A" in part reads:

"Statement. In re Marie McHenry v. Kansas City, Kansas.

"The undersigned claimant states that on or about the 12th day of January, 1916,  .  .  .  she  .  .  .  slipped and fell ·on the sidewalk .  .  .  striking the bottom of her spine and coccyx on the ice and hard sidewalk;  .  .  .  that the ice had been on said sidewalk for a long period of time prior to the time plaintiff was injured and a dangerous and defective place existed for pedestrians at said place," etc.

The city's demurrer being overruled below, the cause is here for review.

It will be noted that the statement giving notice to the city of the plaintiff's injuries recites that the accident occurred on or about January 12, 1916.  Her petition alleged that it occurred on January 19, 1916.

The statute requiring that the city be notified as a condition precedent to the maintenance of such an action as this reads:

"No action shall be maintained by any person or corporation in any court for damages on account of injury to person or property unless the

person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto." (Gen. Stat. 1915, § 1460.)

The statement requires that the time of the accident be given. This is only fair. The city should have an opportunity to investigate the facts and merits of the claim, and to prepare its defense against demands which are false, frivolous or extravagant. For the purpose of such an investigation an accurate statement of the time is material and important. It is an element of substance and not of mere form in the making of the statement required by the statute. This court is always lenient and liberal as to mere matters of form, and will overlook a defect in the statutory statement which does not or can not mislead the city (*Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244), but here the gross discrepancy between the date of the accident and the date alleged in the statement could not fail to prejudice the city and to mislead and frustrate it in any independent investigation of the facts which it may have undertaken. Naturally the city officials would inquire as to the existence and quantity of ice on the sidewalk on January 12. The accident occurred seven days later. With our variable Kansas winter climate, it is entirely unlikely that the weather conditions of January 12 would be the same as those of January 19.

Liberality and leniency may excuse defects in the statement as to the accuracy of the circumstances under which the alleged injuries were sustained, and even a loose description of the place, as in *Cook v. Topeka,* supra, may be overlooked; but it is not easy to see how a gross discrepancy as to the time of the accident can be excused. The time—not necessarily the hour, but the date—is well known by the plaintiff. Therefore the statute requiring the statement to give the time must be complied with. To say that the claimant may name a false and misleading date instead of the correct one—here the discrepancy was a week—"is not," as the Connecticut supreme court says, "to construe the statute but to repeal it." (*Gardner v. City of New London,* 63 Conn. 267.) In that case the statutory statement gave the date of the injury as May 5. The correct date was May 2, and it was held that the plaintiff could not recover.

In *City of Fort Wayne v. Bender,* 57 Ind. App. 689, the notice of the injury stated that it occurred on April 18. The petition and the evidence established that it occurred on April 28. Judgment for plaintiff was reversed.

Other cases to the same effect are *Ouimette v. City of Chicago,* 242 Ill. 501, and *Carter v. City of St. Joseph,* 152 Mo. App. 503. In *Taylor v. Peck,* 29 R. I. 481, a variance of one day between the date alleged in the notice and the date shown by the evidence was held fatal to a recovery. We note that in *Murphy v. City of St. Paul,* 130 Minn. 410, a misstatement of one day in the date given in the notice was held not fatal to a recovery. That was a case where the injury was caused by a defective sidewalk. Perhaps a distinction could be based on that point. A defective sidewalk would remain defective until the fact of the defect could be investigated. Ice on a sidewalk would only remain until the weather moderated. (See Note in Ann. Cas. 1913 A, 671.)

The judgment is reversed and the cause remanded with instructions to sustain the demurrer to plaintiff's petition.