No. 21,476.

RENNA HOLMES, *Appellee*, v. THE CITY OF KANSAS CITY, *Appellant.*

SYLLABUS BY THE COURT.

DAMAGES AGAINST CITY—*Sufficient Statement Describing Accident.* In the matter of giving notice to a city of the time and place of an accident or injury on account of which damages against the city are asked, the rule of *Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244, is herein followed and applied.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Affirmed.

*H. J. Smith, Lee Judy,* and *Thomas M. Van·Cleave,* all of Kansas City, for the appellant.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Renna Holmes against the city of Kansas City, Kan., to recover damages for personal injuries sustained in a fall resulting from the giving way of the railing of a stairway maintained by the defendant. Defendant appeals from the judgment·of the trial court overruling its demurrer to the petition.

The question raised by the demurrer is whether a sufficient compliance with the requirements of section 1460 of the General Statutes of 1915, is alleged. That section reads as follows:

"No action shall be maintained by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto."

It was alleged that the injury occurred November 3, 1915; that a verified claim or notice of damages was filed in the city clerk's office March 1, 1916; that the time of the accident was properly stated in the notice, but that the place was improp-

erly described as at the intersection of Eighth and Mill streets. It was then alleged that the attorneys and other agents of the defendant—

"within ten days after March 1st, went to said stairway described in plaintiff's petition, located at the intersection of Mill street and the tracks of the Kansas City Elevated Railway Company, and examined said stairway and visited the plaintiff who lives at 826 Garfield avenue in Kansas City, Kansas, and was informed by said plaintiff of the location of said stairway and talked with said plaintiff concerning the said defective condition of said stairway, and interviewed various witnesses living within two blocks of said stairway, located as aforesaid, and said notice to said defendant city was sufficient to, and did put the defendant city upon inquiry,"

and that as a result of these inquiries the defendant became fully informed as to all the details of the erection, construction, and condition of the stairway.

There is little room for controversy in the case. The description of the place was imperfect, but Mill street, on which the accident occurred, was named and the character of the stairway on that street, from which the plaintiff fell, was stated. The description seemed to be sufficient to put the city upon inquiry and to enable the officers of the city to find the defective stairway—the place of the accident. The notice effected the purpose of the statute, which is to inform the city of the accident and of the defect which causes an injury, and to give the city an opportunity to ascertain the character and extent of the injury sustained. Precise exactness is not required, and, inaccurate as the notice was, it led the city authorities to the information it was designed to carry, and the case therefore falls fairly within the rule of *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244. Defendant insists upon a stricter interpretation of the statute requiring notices to the city of claims, but as stated in *McHenry v. Kansas City,* ante, p. 180, 165 Pac. 664, "this court is always lenient and liberal as to mere matters of form, and will overlook a defect in the statutory statement which does not or can not mislead the city." (p. 182.)

The judgment overruling the demurrer is affirmed.