No. 24,206.

PETER DECHANT, by Alex Dechant, his Guardian, *Appellant,* v. THE CITY OF HAYS, *Appellee.*

### SYLLABUS BY THE COURT.

PERSONAL INJURIES — *Action Against City* — *Failure to File Claim Within Four Months*—*Action Barred.* Chapter 143, Laws 1919, provides: "That no action shall be maintained against any city of the second class, by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement giving the time and place of the happening of the accident or injury received and the circumstances relating thereto." *Held:* .

1st. To create a condition precedent to the maintenance of such an action;

2d. To apply to minors as well as to adults;

3d. The requirements of the statute cannot be waived by the mayor or any other city official; and

4th. The legislature has power to enact a statute making such a condition precedent.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed February 10, 1923. Affirmed.

*J. P. Shutts, E. A. Rea,* and *E. C. Flood,* all of Hays, for the appellant.
*A. J. Wiles,* of Hays, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a suit for damages for personal injuries alleged to have been sustained by a boy nine years of age, against a city of the second class, operating under the commission-manager form of government. The petition alleges that the city owned and operated an electric-light plant; that the electricity from one of its wires carrying a heavy voltage of electricity, because of improper insulation, was conducted by a guy wire from near the top of one of the poles to the ground and caused a steam or vapor to arise from the ground where the guy wire entered; that the plaintiff, noticing this steam or vapor, which aroused his curiosity in an effort to investigate what caused it, took hold of the guy wire and received a severe shock from a heavy charge of electricity; that he was rendered unconscious at the time and was confined to his bed two weeks, was seriously burned on the hand and permanently injured; that his

physical and mental condition were affected by the injury, which injury, it is alleged, continued even until the time of filing suit. The petition further alleges that on the day of the injury and within thirty minutes thereafter, the city manager learned of the injury, came to see the plaintiff, investigated his condition, learned what was said to be the cause of it, and was fully informed concerning the facts, and that within three months from the time of the injury the plaintiff and his father appeared before the city commission, where the matter of his injuries and the cause thereof was discussed, and the question of whether or not an operation could be performed upon the plaintiff to restore his physical condition was considered. That the city commission employed a physician to examine plaintiff, and that the physician did examine the plaintiff and made a report to the city commission and they paid his fees therefor. The petition alleges that the injury occurred on the 21st day of October, 1920, and that on April 21, 1921, a guardian having been appointed for plaintiff, a written statement was filed with the city clerk giving the time and place of the happening of the accident or injury received, and the circumstances relating thereto, and that thereafter the suit was filed.

Chapter 143 of the Laws of 1919, entitled "An act establishing conditions precedent to any action for damages against a city of the second class," reads as follows:

"That no action shall be maintained against any city of the second class, by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto."

The court below sustained a demurrer to the petition for the reason that the statute above quoted had not been complied with. The plaintiff appeals, assigning as error the ruling of the court sustaining the demurrer to the petition.

The above-quoted statute, by its title and by its wording, clearly establishes a condition precedent to the bringing of an action for damages to person or property against a city of the second class. A similar statute applying to cities of the first class has been repeatedly held by this court to establish a condition precedent to the maintenance of the action and to require a substantial compliance therewith. (*Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244; *McHenry v. Kansas City*, 101 Kan. 180, 165 Pac. 664; *Holmes v.*

*Kansas City*, 101 Kan. 785, 168 Pac. 1110; *Campbell v. City of Wichita*, 101 Kan. 817, 168 Pac. 833.) We see no reason for a different ruling upon the statute applying to cities of the second class above quoted.

In 5 Thompson on Negligence, § 6321, the rule is thus stated:

"Statutes have, however, been enacted in several jurisdictions requiring notice to be given to the municipal corporation before an action can be brought against it to recover damages therefor. These statutes generally require notice to be given of the *time, place, cause,* and *extent* of the injury. They are generally construed as being *mandatory* and as enacting *conditions precedent* to the bringing of actions against municipal corporations for such causes, so that in order to maintain such an action, the giving of the notice in substantial compliance with the statute must be *averred* and *proved.*"

To the same effect is White on Municipal Negligence, § 666, citing many cases.

Appellant contends that the statute, properly construed, does not apply to a minor of the tender years and in the physical and mental condition that the appellant is alleged to have been during the time in question. It will be noted that the statute makes no exceptions as to minors, and for this court to write into the plain, unambiguous words of the statute an exception, in so far as it pertains to minors, or in so far as it pertains to persons in the physical or mental condition described in the petition, would be to constitute the court a law making power instead of a law-interpreting body. Our legislature has, in a number of instances, embodied provisions or exceptions in statutes pertaining to minors, and the fact that the law making body did not do so in this statute, in view of what appears to be the disposition of the legislature to make those exceptions where they desire, would confirm the idea that the legislature did not intend any exceptions of this character in this statute.

In White on Municipal Negligence, § 691, in discussing the effect of disability of party to extend time, it is said: "Infancy of the injured claimant is not an excuse unless made so by statute," and in the same authority, § 693, in discussing by whom the notice should be given, it is said:

"A statute requiring such a notice in general terms, without any exception, applies to infants as well as to adults."

In *Madden v. Springfield*, 131 Mass. 441, it was held:

"The provisions of the statute of 1877, ch. 234, § 3, that 'any person' injured by a defect in the highway shall, within thirty days thereafter, give notice

to the town, city, place or person obliged by law to repair the same, of the time, place and cause of the injury, includes infants." (syl.)

In *Morgan v. City of Des Moines*, 60 Fed. 208, it was said that:

"It is entirely competent for the legislature to enact a general statute of limitations that would put adults and minors on the same footing with reference to the time in which actions may be brought, and such would be the legal effect of a statute which contains no saving clause exempting infants from its operation."

Appellant cites us to the cases of *McDonald v. City of Spring Valley*, 285 Ill. 52; and *Murphy v. Village of Fort Edward,* 213 N. Y. 397, holding, in substance, that an exception in behalf of an infant of tender years (in one case the age was five; in another seven), should be read into a statute somewhat similar to ours. This court is not inclined to follow those cases. It will be noted that our statute gives four months for the filing of this claim. It will be noted, also, that the petition in this case alleges that the plaintiff with his father, who was later appointed guardian, appeared before the city commission concerning this matter within three months after the injury. If infancy did not prevent the plaintiff and some one in his behalf from appearing before the commission in this connection with the claim, naturally it would not have prevented the filing of the statement required by the statute.

Appellant further contends that should the statute be construed as applicable to appellant, the petition sets forth facts sufficient to constitute a waiver of such notice and an estoppel to assert same on the part of the city. It will be noted that there is no condition of waiver or estoppel in the statute itself. In view of the various officials and employees which a city may and necessarily does have, to transact the business of its government, it would be a dangerous and uncertain provision to interpret into a statute. Certainly, if the legislature desired or contemplated that the provisions of this statute might be waived, it should have designated the official and the manner in which such waiver might be effected. No officer of the city had power or authority to waive this statutory notice. In White on Municipal Negligence, § 673, it is said:

"The mayor or other officers of a city have no power, unless expressly granted, to waive the statutory requirements as to the giving of such notice."

In *Gay v. Cambridge*, 128 Mass. 387, it was held:

"The notice required by the statute of 1877, ch. 234, to be given to a city or town by a person injured by a defect in the highway, is a condition

precedent to the plaintiff's right to maintain an action therefor and cannot be waived by the city or town."

To the same effect is *Madden v. City of Springfield,* supra.

In *Puckett & Wear v. City of Ft. Worth,* 180 S. W. (Tex.) 1115, in considering the effect of such notice under the special charter of the city of Ft. Worth requiring the notice to be given within thirty days to the city's board of commissioners, it was held that the notice to the city engineer was not sufficient.

In *Gribben v. City of Franklin,* 175 Ind. 500, it was held:

"Under § 8962, Burns 1908, Acts 1907, p. 249, requiring that 'no action in damages . . . resulting from any defect in the condition of any street . . . shall be maintained against any city . . . unless written notice' be given. Failure to give such notice precludes the right to maintain such action, and the actual knowledge by a member of the common council does not dispense with such statutory notice." (Syl., ¶ 6.)

In *Pender v. Salisbury,* 160 N. C. 363, it was held:

"The municipal authorities cannot waive the provisions of a city's charter requiring written demand to be made in a certain prescribed manner upon the board of aldermen as a condition precedent to the bringing of an action for damages against the municipality." (Syl. ¶ 3.)

While not specifically pointed out by appellant, though referred to in some of the cases upon which he relies, there is necessarily the additional question raised by the record in this case, as to whether or not the legislature has authority to enact a statute of this character. In White on Municipal Negligence, § 668, the rule is thus stated:

"Statutes and charter provisions requiring claims for damages against a municipal corporation to be presented within a prescribed period, are within the general scope of the legislative power, and do not violate constitutional rights, provided the period limited is not so short as to deprive the claimant of a substantial remedy." (Citing cases.)

It will be noted that our statute in question makes the time four months. An examination of some of the other cases discloses that in some of the states the time is made thirty or sixty days and in some instances even a shorter time. The allegations of the petition in this case show that the four months' time was not an unreasonable time, and hence there is no reason why the general rule should not apply.

Finding no error in the case, the judgment of the court below is affirmed.