No. 24,962.

ALICE WARREN, by her next friend, SAM WARREN, *Appellee,* v. THE
CITY OF BONNER SPRINGS, *Appellant.*

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Defect in City Street—Notice of Time, Place and Circumstances
of the Accident Must Be Filed with City Clerk.* Various assignments of
error relating to pleading and proof of notice of accident to a city, by writ-
ten statement filed with the city clerk, considered, and held to be without
merit.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed February 9, 1924. Affirmed.

*Eldred L. Eaton,* of Bonner Springs, for the appellant.
*David F. Carson,* and *C. A. Miller,* both of Kansas City for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries
sustained on account of defect in a city street. Plaintiff recovered,
and defendant appeals. All the errors assigned relate to the subject
of notice by written statement filed with the city clerk within four
months, giving time, place, and circumstances of the accident.

The petition alleged notice was served on the city as provided by
law. No objection was made to the pleading, and the city answered
by general denial and plea of unavoidable accident. It is now con-
tended the petition was not sufficient to permit proof of service of
the statement, and of its contents. The contention should have been
made in the district court. While the petition was subject to attack
by motion for stating a conclusion, instead of the facts from which
the conclusion was derived, the defect was waived, the case was tried
as if the issue were properly tendered, and the district court has
made no ruling on the subject which is assignable as error.

Plaintiff proved that he filed with the clerk in due time a writ-
ten statement telling when and where and how the accident hap-
pened. The notice itself was not produced or accounted for, and the
questions eliciting the evidence were leading, but no objections were
interposed, and the evidence was amply sufficient to take the case
to the jury. A demurrer to plaintiff's evidence was filed, and before
the court ruled, plaintiff reopened her case and introduced further
testimony relating to contents and service of the notice. The city

attorney testified his practice was to get all papers relating to cases he prepared for trial, to inquire if he had received all papers, and the city clerk gave him no notice of accident. The demurrer to the evidence was overruled, and defendant produced a witness who gave testimony indicating that no notice had ever been filed with the city clerk. The court submitted the case to the jury under the following instructions otherwise pertinent and correct:

"And you further find from the evidence that within four months after such injury and prior to the bringing of this action, the plaintiff filed, or there was filed in her behalf with the city clerk of Bonner Springs, a written statement giving the time and place of the happening of such accident or injury, and the circumstances relating thereto, . . . it will be your duty to return a verdict in favor of the plaintiff."

Defendant now contends the evidence establishing contents of the notice was secondary, and the original document was not accounted for. The real controversy was not about contents of the notice, but related to the fact of filing with the city clerk. If inability of plaintiff to procure the original were not sufficiently established by the testimony referred to, it was established at the hearing on the motion for new trial by affidavit of the city clerk, who testified no such paper was in his possession or files. This being true, notice to produce the original would necessarily have been unavailing, and admission of secondary evidence at the trial was not prejudicial to defendant.

It is contended the proof did not sufficiently establish compliance of the statement with the statute. Statements of that character are not required to be framed with the technical exactness of indictments in criminal cases (*Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244), and the contention is without substantial merit.

Grounds of the motion for new trial were accident, surprise, lack of reasonable opportunity to present evidence, and newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial. The city clerk, whom defendant did call as a witness at the trial, testified that no notice or statement of claim had ever been served on him or at his office. The city attorney made affidavit that the first knowledge or information he had of claim that plaintiff had filed a statement with the city clerk was after the trial had been in progress for some time. The issue was tendered in the petition, and the motion for a new trial was properly denied.

The judgment of the district court is affirmed.