No. 25,397.

MAMIE BURROUGHS, *Appellee,* v. THE CITY OF LAWRENCE, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Unsafe Condition of Sidewalk—Damages—Sufficient Notice of Claim Given the City.* A notice of the claim of the plaintiff against a city of the second class for damages on account of injury to the person of the plaintiff resulting from the negligence of the city is held to be sufficient under R. S. 12-105, as a condition precedent to. the maintenance of an action.

2. SAME—*Surplusage in Notice.* The fact that the notice, otherwise sufficient, contains some surplusage does not render it ineffective or invalid.

3. SAME—*Action Not Prematurely Brought.* Nor can it be held that the action of the plaintiff was prematurely brought because it was commenced within four days after the notice was filed with the city clerk.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed July 5, 1924. Affirmed.

*Walter G. Thiele,* of Lawrence, for the appellant.

*F. B. Dodds,* of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Did the plaintiff state a cause of action in her petition asking a recovery from the city for injuries alleged to have been sustained by her while walking over a sidewalk which the city had negligently allowed to be in an unsafe condition? was the question submitted to the district court, and from an affirmative decision this appeal is taken.

The only ground of attack is that proper and sufficient notice of plaintiff's claim for injury had not been given to the city. She alleged that the injury was sustained on January 7, 1923, and that about January 20, 1923, she served a written notice upon the mayor of the city, stating the circumstances, nature, time and place of the injury, and that the notice was served to give the city an opportunity to settle the claim without litigation. Another notice of the claim was mailed to the mayor on February 13, 1923, in which it was stated that plaintiff asked damages in the sum of $2,500 for the injury, because it had developed that the injury was of a permanent nature and that an operation was likely to be necessary. A third notice, and the one relied on by the plaintiff, was

presented to and filed with the city clerk on March 24, 1923. The following is a copy of the notice:

"Statement of account due for personal injury to Mamie Burroughs. City of Lawrence, debtor, to Mamie Burroughs, $5,000.00.

"For personal injury received by fall on sidewalk in front of place of business known as the Army Stores and located at 706 Massachusetts street, Lawrence, Douglas county, Kansas; said injury received by stepping on defective covering over manhole in front of place of business as aforesaid on or about January 7, 1923, itemized as follows, to wit:

| | |
|---|---:|
| To doctor bill in amount of | $200.00 |
| Loss of time by reason of injury to date | 72.00 |
| Permanent injury to health of claimant | 4,500.00 |
| Operation necessary to relieve claimant, which will necessarily have to be | 200.00 |
| Medicine, etc., necessary | 28.00 |
| Total | $5,000.00" |

[Attached is a verification in which there was a repetition of the cause, time and place of injury, and that claim was presented under Gen. Stat. 1915, sec. 1750.]

The action was begun on March 28, 1923. It is not contended that the sidewalk was not unsafe as alleged, nor that the injury was not suffered by reason of the defect, but defendant insists that the notice given was not in compliance with the statute; and even if it were assumed to be sufficient the bringing of the action within four days after the notice was given was premature, and the plaintiff was not entitled to bring action at that time, nor was the court warranted in hearing the cause until defendant had a reasonable time thereafter to investigate plaintiff's claim. The notice of March 24, 1923, was sufficient within the meaning of the governing statute (R. S. 12-105). The previous letters, ostensible notices addressed to the mayor, calling attention to the accident and injury, were not sufficient, and evidently were not intended as a statutory notice or basis for an appeal to the law, but rather as suggestions or admonitions to give the city an opportunity to settle the claim without a resort to the courts. They may therefore be laid out of consideration.

A notice is essential and is a condition precedent to the maintenance of an action. (R. S. 12-105; *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682.) It is argued that the notice relied on was ineffective because in the verification of the claim a reference was made to the earlier statute (R. S. 14-441), which provides, among

other things, that claims against the city must be presented in writing and that no costs may be recovered against the city in an action upon an unliquidated claim which has not been so presented. The deference to the statute was surplusage and is not essential to a valid notice. If the notice given complies with the statutory requirement it is enough, and the incorporation therein of non-essential matters does not render it ineffectual. The notice relied on appears to comply with the provisions of the statute, as it states the time and place of the happening of the accident and the injury received, and enough of the circumstances relating to the injury for which the claim was made. Considerable strictness is required as to the time of the accident, but brevity or inaccuracy of the statement as to the circumstances under which the injury was sustained have been viewed with more liberality. It has been said that—

"This court is always lenient and liberal as to mere matters of form and will overlook a defect in the statutory statement which does not or cannot mislead the city." (*McHenry v. Kansas City,* 101 Kan. 180, 182, 165 Pac. 664. See, also, *Holmes v. Kansas City,* 101 Kan. 785, 168 Pac. 1110.)

The notice given by plaintiff was filed with the city clerk within the prescribed time, and we see no ground for holding that it was misleading in its terms.

The contention that the action was prematurely brought and that time was not given for investigation of the claim by the city is without merit. There is nothing in the statute requiring a postponement of action, except that notice must first be given. The provision that the city may settle with the claimant within thirty days if it so desires does not preclude the bringing of an action after the required notice is given. In view of the several previous demands of the plaintiff for a settlement, it can hardly be said that the city was not afforded an opportunity to investigate or settle the claim.