No. 25,257.

JAMES HAGGARD, *Appellant,* v. THE CITY OF ARKANSAS CITY,
*Appellee.*

SYLLABUS BY THE COURT.

MOB VIOLENCE—*Personal Injuries—Action for Damages—No Sufficient Written
Statement of Claim Filed Within Statutory Time.* Chapter 143 of the
Laws of 1919 (compare R. S. 12-105) requires as a condition precedent to
an action against a city of the second class for damages to person or property
that there be "filed with the city clerk a written statement, giving the
time and place of the happening of the accident or injury received and the
circumstances relating thereto." *Held,* such a statement which describes
the place as "within the City Limits of said City" is too indefinite to furnish
any useful information and is fatally defective.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed
October 11, 1924. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellant.

*L. C. Brown, W. L. Cunningham,* and *D. Arthur Walker,* all of Arkansas
City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff appealed from an order sustaining a de-
murrer to his petition in an action against a city of the second class
for damages for personal injuries alleged to have been inflicted by
a mob. The sole question presented is whether, prior to the bringing
of the action, plaintiff complied with chapter 143 of the Laws of
1919, "An act establishing conditions precedent to any action for
damages against a city of the second class," which reads as follows:

"That no action shall be maintained against any city of the second class,
by any person or corporation in any court for damages on account of injury
to person or property unless the person or corporation injured or damaged
shall, within four months thereafter, and prior to the bringing of the suit,
file with the city clerk a written statement, giving the time and place of the
happening of the accident or injury received and the circumstances relating
thereto." (Compare R. S. 12-105.)

It has been held repeatedly that this statute is mandatory and
must be substantially complied with or the action cannot be main-
tained. (*Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682;
*Mowery v. Kansas City,* 115 Kan. 61, 222 Pac. 126; *Burroughs v.
City of Lawrence,* ante, p. 573, 227 Pac. 328 and cases there cited.)

In plaintiff's petition it is alleged "that prior to the commencement of this action, the plaintiff presented his claim against the city of Arkansas City, Kansas, to the mayor and commissioners of said city . . . ," a copy of which is as follows:

"ARKANSAS CITY, KANS., Sept. 1st, 1922.

"THE CITY OF ARKANSAS CITY

"To................................James Haggard....:............................Dr.

Aug. 1st 1922:

"To damages sustained by attack of a mob on the 1st Day of August 1922, within the City Limits of said city causing great bodily injury and great mental suffering in the sum of TEN THOUSAND DOLLARS.............. $10,000.00 now due and owing."

This was verified by plaintiff. Passing the question which arises because this was presented to the mayor and city commissioners instead of having been filed with the city clerk as the statute required, does the statement comply with the statute in "giving the time and place of the happening of the accident or injury received and the circumstances relating thereto"? It will be noted that the only place mentioned in the statement is "within the city limits of said city." The court will take judicial notice of the fact that Arkansas City is a city of the second class. It necessarily covers a considerable area and has many avenues, streets and alleys. Plaintiff in his petition claims he was attacked by four men who gave him a beating. The circumstances could have happened in any one of many places in the city. The statement, therefore, gave the city no notice, and no information as to any specific place within the city where it was claimed injuries complained of were inflicted. Courts do not require specific exactness in the wording of a statement of this character, but do require a substantial compliance in good faith with the requirements of the statute. (*Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244; *McHenry v. Kansas City,* 101 Kan. 180, 165 Pac. 664; *Holmes v. Kansas City,* 101 Kan. 785, 168 Pac. 1110; *Warren v. City of Bonner Springs,* 115 Kan. 429, 430, 224 Pac. 447; *East Tenn., Va. & Ga. Railroad Co. v. Carloss,* 77 Ala. 443; *Donnelly v. Fall River,* 130 Mass. 115; *Rauber v. Village of Wellsville,* 82 N. Y. Supp. 9; *Miller v. Solvay Process Co.,* 95 N. Y. Supp. 1020; *Maloney v. Cook,* 21 R. I. 471; *Law v. Fairfield,* 46 Vt. 425.)

Here there was not even an effort made to comply with the requirement of the statute as to the place where the injuries were received, hence the statement is fatally defective. It would seem that

the plaintiff could have been more definite as to the time by giving the approximate hour of the day, and could have been much more definite in giving the circumstances relating to the injury, but we shall not base our decision upon these defects. The total failure to designate any place within the city where the injuries were received is sufficient to justify the court's ruling.

The judgment is affirmed.