No. 39, 686

John M. Howell and Esther L. Howell, *Appellants*, v. City of Hutchinson, Reno County, Kansas, *Appellee*.

(282 P. 2d 373)

▮▮▮▮▮▮▮▮▮▮▮▮ Opinion filed April 9, 1955. ▮▮▮▮

*J. Richards Hunter*, of Hutchinson, argued the cause, and *Walter F. Jones* and *Harry H. Dunn*, also of Hutchinson, were with him on the brief for the appellants.

*Fred C. Littooy*, city attorney of Hutchinson, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action by plaintiffs to recover damages for injuries to property as later mentioned. The trial court struck certain allegations from the plaintiffs' second amended petition and they have appealed. An opinion is this day being filed in *Wildin v. City of Hutchinson* (ante 671) and reference is made to portions thereof applicable to the situation here considered.

It is stated in the record that motions to strike were directed to the plaintiffs' original and amended petitions, after which the plaintiffs filed their second amended petition, hereafter called the petition, in which it was alleged, in substance, that plaintiffs were the owners of described real estate; that Cow Creek is a natural watercourse flowing from an area northwest of the city of Hutchinson, through the city and to a junction with the Arkansas River southeast of the city; that at some time prior to 1950 the city constructed Harsha Drainage Canal along the course of Cow Creek to a point within

the city where Cow Creek turns east and Harsha Canal continues south to the Arkansas River; that for many years prior to 1950 a low dike had been maintained along the south side of Cow Creek preventing the creek from flowing south to flood areas on the west side of the creek and of the canal; that about August 1, 1950, the waters of Cow Creek were approaching flood stage and for the purpose of protecting the portion of the city east of the canal the city strengthened and raised the dike on the north and east sides of the canal and while doing so failed and neglected to strengthen and raise the dikes on the south and west sides of the canal with the result flood waters broke over on the south and west sides, causing damage to personal and real property of plaintiffs in specified amounts. Plaintiffs further alleged that in accordance with G. S. 1949, 12-105, they filed with the city clerk on October 25, 1950, a written statement detailing the nature of their damages and the cause and circumstances relating thereto, a copy of the statement being attached to the petition; *that by inadvertence an omission was made of the date of said overflow* but that the overflow was on August 2, 1950, and was the only overflow within a period of four months prior to October 25, 1950, and the only overflow of that character reaching plaintiffs' premises which occurred during a period of at least two years prior to the above date; that during the period of the overflow the city officials were observing the waters of Cow Creek and Harsha Canal near the place where the waters broke through and were engaged in taking action to protect property on the east side of the creek and canal. Plaintiffs then pleaded at length that after August 2 they and others similarly situated appeared before the city commission and advised the commission they would make claims for compensation; that other meetings were had by other property owners with the commission at which measures for further protection were had; that all such conferences were had prior to the filing of their claim; that the city was not misled by any omission of the date in their claim, but on the contrary had full and complete notice of the time and place of the occurrences which caused the plaintiffs' injury and damages.

Omitting those parts unnecessary to disposal of the appeal, the notice filed with the city clerk read as follows:

"To the City of Hutchinson: L. E. Baird, Mayor; Fred Henney; Richard Belitzer; William Shaw; J. W. Vandaveer; City Commissioners:

You are hereby notified that the undersigned, John M. Howell and Esther

L. Howell, his wife, 329 N. Whiteside Street, Hutchinson, Kansas, being the owner(s) of personal or real property (*or both*) legally

House and Business building located on . . . (describing real estate)

The basement was full of water and up three inches in our house in which we live. The water was over waist deep in the market building. We have oak floors in the house and they buckled up.

make(s) claim against the City of Hutchinson for damage to said property in the following amounts: . . . (list of personal property and values) Damage to store building & fixtures $254.50. Total $2000.00.

There was also a lot of silt settled around over the place, and I lost about $75.00 rent on the store building while cleaning up said damage resulting from and being cause of the careless, negligent and wrongful acts of the City of Hutchinson in diverting flood water from Cow Creek and the Harsha Canal in and upon the personal and real property of this claimant; and the careless, negligent and wrongful acts of the City of Hutchinson in the maintenance and operation of the Harsha Canal and the construction of dikes on the east and north side of Harsha Canal and the east and north side of Cow Creek; and the careless, negligent and wrongful acts of the City in the maintenance and operation of the Harsha Canal and the wrongful and negligent obstruction of the said Canal, all causing water to be diverted from said canal in and upon the personal and real property of this claimant, described above, and causing the damage itemized above.

S/   John M. Howell
S/   Esther L. Howell"

(verification)

The defendant city filed its motion that all the allegations of the petition commencing "that by inadvertence" and subsequent thereto be stricken as incompetent, irrelevant, immaterial, constituting no part of a cause of action and that they were purported conclusions of law and non-actionable statements of purported facts. After argument on the motion the trial court took the matter under consideration and then rendered a memorandum opinion which it made a part of its entry of judgment in which it sustained the motion, allowed the plaintiffs twenty days to file an amended petition and if that be not done the cause should stand as dismissed.

In due time the plaintiffs perfected their appeal to this court, where they specify as error the sustaining of the motion to strike.

The question presented by this appeal turns on compliance with the statute appearing now as G. S. 1949, 12-105, and as far as it is necessary to note, it provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit

file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto."

The gist of the trial court's memorandum opinion was that the legislature had the right to impose the requirements of the above statute; that compliance with it was essential to maintenance of an action against the city; that the statute is mandatory and must be substantially complied with, and no officer of the city had power or authority to waive the statutory requirements. After noting that specific exactness in the wording of the statutory statement is not required, and that in various cited cases the question of substantial compliance had been considered, the court stated that in its opinion the statement omitted entirely any reference as to time. After noting the plaintiffs' (appellants') contention that time was fixed by reference to the Cow Creek flood, the court stated that the fact the city may have had actual notice did not dispense with the necessity of plaintiffs stating the time in their statement nor did the city's knowledge excuse the plaintiffs' failure.

In their brief appellants state they conceded in the trial court and reiterate here that without the facts alleged in the stricken portion of their petition they probably do not have a cause of action because of the omission of the date (expressed as day, month and year) in their written statement of claim. They also concede that the statute is a valid exercise of legislative power and that the filing of a written statement in substantial compliance with statutory requirements is a condition precedent to their maintaining the action, and that regardless of the extent of knowledge possessed by the city officials of appellee concerning the facts surrounding their claim and regardless of the consideration given to the claim by the appellee during the three months' period immediately following the flood, such circumstances could not relieve appellants from the obligation of filing a claim meeting statutory requirements. By reason of the above, the specific matters stated need no treatment in this opinion, although discussion of most of them may be found in *Hibbs v. City of Wichita*, 176 Kan. 529, 271 P. 2d 791.

Appellants contend, however, that this court has long held the above statute is not to be given a strict and technical construction but a liberal construction; that apparently the primary legislative purpose is to provide a means by which investigation by the city authorities may be facilitated, and to give the city an opportunity

to ascertain the extent of the claimant's injuries and the incidents attending the happenings of the events, at a time while the occurrence is fresh in the minds of those possessing information on the subject, citing *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244; *Holmes v. Kansas City,* 101 Kan. 785, 168 Pac. 1110; *Burroughs v. City of Lawrence,* 116 Kan. 573, 227 Pac. 328; and *Jones v. Kansas City,* 145 Kan. 591, 66 P. 2d 579, and that it is only fair that the time of the accident or injury be given so that the city may investigate, determine the merits of the claim and prepare its defense of claims which are false, frivolous or extravagant, citing *McHenry v. Kansas City,* 101 Kan. 180, 165 Pac. 664.

The basic case relied on by appellants is *Cook v. Topeka,* supra. The statement of claim there involved is not set forth in the opinion nor is it disclosed how long after the accident occurred it was filed but from the allegations of the petition set forth it appears that the plaintiff, an ignorant and illiterate man not acquainted with the names of the streets of the city, erroneously described the place of the accident. He alleged and the demurrer admitted that immediately after the accident an employee of the city removed the obstacle causing the accident, and that when the statement of claim was later filed the city was fully aware of the place of the accident. In reviewing the ruling of the trial court sustaining the demurrer, this court said the statement filed was defective but was sufficient to challenge the attention of the city for it immediately instituted an investigation which resulted in the obstacle being moved. It was further said that with respect to details of the statement precise exactness was not absolutely essential and if the statement reasonably complied with the statute and the city was not misled to its prejudice by any defects in describing the place of the accident, the city had no reason to complain. Other decisions where the rule of the above case has been followed need not be reviewed.

Although appellants make some contention that the rule should be the same with reference to the time of the accident as with reference to its place, they do not recognize that *McHenry v. Kansas City,* supra, justifies the conclusion that exactness of time may justify a stricter compliance of the statutory requirement. In that case the claimant said in her statement that she slipped and fell on an icy sidewalk on January 12, but her petition alleged the accident occurred January 19. The city demurred to the petition

and appealed from an adverse ruling. This court reversed, calling attention to variable weather conditions and the unlikeliness of their being the same on the two dates mentioned and said, in part:

"Liberality and leniency may excuse defects in the statement as to the accuracy of the circumstances under which the alleged injuries were sustained, and even a loose description of the place, as in *Cook v. Topeka*, supra, may be overlooked; but it is not easy to see how a gross discrepancy as to the time of the accident can be excused. The time—not necessarily the hour, but the date—is well known by the plaintiff."

In the remaining parts of their brief appellants first say that whether there has been compliance with the statutory requirement of a claim statement is largely one of fact (the contrary was held in *Jones v. Kansas City*, supra), and they then discuss at considerable length that there was a substantial compliance in their statement. The gist is that they were not limited to calendar dates, but could refer to some fixed time as "Easter" or some event the occurrence of which was well known, that the time of the flood was well known and that the inclusion of flood water from Cow Creek and Harsha Canal was a statement of the time, and that in view of the facts pleaded there was no possibility of the city being misled or prejudiced. As applied here we know that stages of flood water do not continue fixed for very long periods of time. The statutory statement made no reference as to when their damage occurred after the raising of the dikes, assuming that the raising was well known. And we here point out that the fact the city officials may have been aware of the situation was not such that they could waive the requirements of the statute (*Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682).

We find some difficulty in reconciling the appellants' contentions and arguments as above reviewed, with the admission in their statement of facts in their brief that their claim statement did not contain the date of the flood which they now contend caused their damage, and with the explicit allegation of the stricken portion of their pleading that "by inadvertence an omission was made of the date of said overflow, but that the said overflow of Cow Creek and Harsha Canal on or about August 2, 1950, was the only overflow thereof within the period of four months prior to said 25th day of October, 1950 . . ." It appears that by allegations in their petition, appellants were seeking by indirection to amend a concededly insufficient statutory statement of their claim. In a sense, if appellants' contention be upheld, all that a claimant need set

forth in his statutory statement is that he was injured as the result of a situation created by the city and supply the remainder by alleging in his petition that the situation was created by the city within the statutory period and that he was injured in a particular manner thereby, thus supplying time, place and even circumstances in that manner and justifying on the ground the city was aware thereof. That is not substantial compliance with the statute.

We are in agreement with the view expressed by the trial court that it is not difficult to determine from the statute what the legislature intended to require and that one of those requirements was that claimant state the date of his injury; that the statute was not intended as a trap for the unwary, but its language is elementary and without innuendo, contains nothing to confuse or mislead, and the fact he does not comply with it does not imply he was trapped but rather that he failed to read the statute, or, having read it, neglected to comply with its requirements.

The trial court held there was no substantial compliance with statutory requirements and we agree.

The ruling and judgment of the trial court is affirmed.