(988 P.2d 263)
No. 80,946

TERRY ZEFERJOHN, *Appellant*, v. SHAWNEE COUNTY SHERIFF'S DEPARTMENT and SHAWNEE COUNTY TREASURER, *Appellees*.

—

Opinion filed August 13, 1999.

*Mark W. Works*, of Works, Works & Works, P.A., of Topeka, for appellant.

*David L. Harder and Laura M. Graham*, assistant county counselors, and *Sandra L. Jacquot*, county counselor, for appellees.

Before LEWIS, P.J., GERNON, J., and WAHL, S.J.

LEWIS, J.: Plaintiff Terry Zeferjohn, while a prisoner in the custody of the Shawnee County Sheriff's Office, suffered personal injuries when the patrol car in which he was riding backed into another vehicle. He instituted this action against Shawnee County (County) to recover damages sustained in that accident. The trial court dismissed his petition on the grounds that he had failed to

comply with K.S.A. 1998 Supp. 12-105b. Plaintiff appeals from the order of dismissal.

The sole question on this appeal is whether plaintiff complied with K.S.A. 1998 Supp. 12-105b(d), which states:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim."

Plaintiff first argues that 12-105b is unconstitutional because it denies him his constitutional right to due process. He suggests that his right to seek redress for his injury is a fundamental right requiring this court to apply strict scrutiny.

We do not agree. The purpose of the statute is to afford a municipal corporation of this state an opportunity to ascertain the incidents attending the events at a time when the occurrence is fresh in the minds of those possessing the knowledge of the subject. *Wiggins v. Housing Authority of Kansas City*, 19 Kan. App. 2d 610, 614, 873 P.2d 1377, *rev. denied* 255 Kan. 1007 (1994). We also suggest that the statute provides some protection to the public against claims which have no merit and, for that reason, it should be liberally construed. We hold the statute serves a rational purpose and is not unconstitutional and that plaintiff was not denied his due process rights by the dismissal of this action.

The next issue is whether plaintiff's claim filed with the County substantially complied with K.S.A. 1998 Supp. 12-105b(d). The trial court held that it did not. The record shows that plaintiff attempted to comply with the statute by sending a written claim to the *office of the Shawnee County Counselor*, notifying the county

counselor of his claim for damages. The following portion of the letter is relevant to this appeal:

"On the 2nd day of August, 1995, at 10:30 a.m. in Shawnee County Mr. Zeferjohn was sitting in a patrol car when he was injured. The Officer, George Salehar of the Shawnee County Sheriff's department was driving the patrol car that negligently backed into another vehicle. The Officer was negligently trained, supervised, and hired by Shawnee County.

"Shawnee County and the Officer negligently failed to protect a person entrusted in the Sheriff's care. There was a lack of due care on the part of the Officer. The County and the Officer failed to keep a look out, failed to warn, negligently failed to obey all traffic laws. The Officer failed to protect a person entrusted to his care and the County is held to the highest standard of care to people entrusted to their care.

"Further, the County breached a public contract in failing to provide protection to its citizens.

"Mr. Zeferjohn's back and neck were injured and he has incurred medical expenses in the amount of $2,000.00. Mr. Zeferjohn complained of injury at the scene of the accident and has sought medical treatment.

"Mr. Zeferjohn['s] monetary damages are $15,000.00 for pain and suffering, disability, present and future medical, disfigurement; as well as, wage loss. The police report is attached and incorporated by reference."

Plaintiff was seeking to file a claim against Shawnee County. As a result, he had to comply with K.S.A. 1998 Supp. 12-105b(d), which says, among other things: "The notice shall be filed with the clerk or governing body of the municipality." Under the statute, the notice in this case was required to be filed with the county clerk. Plaintiff filed his written notice with the county counselor. This does not comply with the statute, either literally or substantially.

The County does not suggest it was prejudiced by plaintiff's failure to file the notice with the county clerk as required. However, in *Dechant v. City of Hays*, 112 Kan. 729, 733, 212 Pac. 682 (1923), the Supreme Court held the requirements of the statute could not be waived by the mayor or any other city official. This remains the law in this state, and we hold that neither the County nor its county counselor can waive the requirement of proper notice under 12-105b(d). This statute is designed to protect taxpayers as well as officers of the municipality involved, and we can imagine serious

consequences could occur if the attorney for municipalities were allowed to waive the provisions of the statute.

The filing of a proper notice under 12-105b(d) is a condition precedent to the filing of an action against a municipal corporation such as Shawnee County. See *Dechant*, 112 Kan. at 730-31; *Campbell v. City of Wichita*, 101 Kan. 817, 820, 168 Pac. 833 (1917); *Holmes v. Kansas City*, 101 Kan. 785, 786, 168 Pac. 1110 (1917); *McHenry v. Kansas City*, 101 Kan. 180, 182, 165 Pac. 664 (1917); *Cook v. Topeka*, 75 Kan. 534, 536, 90 Pac. 244 (1907).

The statute provides that a claimant must substantially comply with the notice requirements. "Substantial compliance" means compliance in respect to the essential matters necessary to insure every reasonable objective of the statute. *City of Lenexa v. City of Olathe*, 233 Kan. 159, 164, 660 P.2d 1368 (1983).

We must determine whether service on the county counselor under K.S.A. 1998 Supp. 12-105b(d) substantially complied with the requirements of that statute. Federal district courts have held that notice letters *sent to a city attorney* do not substantially comply with the statute. *Huffman v. City of Prairie Village, KS*, 980 F. Supp. 1192, 1206 (D. Kan. 1997). In *Huffman*, the court noted the clear language of the statute and Kansas case law indicating that notices filed with the city clerk were a condition precedent to filing suit. Accordingly, the court dismissed the plaintiff's action for failure to file notice with the city clerk. 980 F. Supp. at 1206.

In *Mowery v. Kansas City*, 115 Kan. 61, 62, 222 Pac. 126 (1924), the court said: "The statute requires a written statement to be filed with the city clerk. This is not a great burden to put upon a claimant and must be complied with." In *Cook v. Topeka*, 75 Kan. at 536, the court said: "The statute requiring *a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed.*" (Emphasis added.) See *Tucking v. Board of Jefferson County Comm'rs*, 14 Kan. App. 2d 442, 445, 796 P.2d 1055, *rev. denied* 246 Kan. 770 (1990).

Although the authorities on the subject are not recent cases, they have not been reversed by the Supreme Court, and they remain the law of this state. Furthermore, we see no indication that the Supreme Court would reverse those opinions should it have the

opportunity. As a result, we hold that the service by plaintiff upon the county counselor did not substantially comply with the service requirements of K.S.A. 1998 Supp. 12-105b(d). That statute specifically requires service on the county clerk. Plaintiff's failure to serve the county clerk is fatal to his cause of action and requires that we affirm its dismissal.

Plaintiff also argues the trial court erred in overlooking a police report which he attached to his claim and argues it furnished the necessary detail to support the claim. Unfortunately for plaintiff, that police report is not in the record on appeal. It was, however, attached to the brief of appellant as an appendix. Material included as an appendix to an appellate brief is not a substitute for the record on appeal. *Cline v. Tittel*, 20 Kan. App. 2d 695, 702-03, 891 P.2d 1137, *rev. denied* 257 Kan. 1091 (1995). The net result of all of this is that we have absolutely no idea what was in the police report. Plaintiff wants us to believe it contained great detail, which corrected some of the problems in his written claim. We are unable to say what it provided. An appellant has the burden to designate a record sufficient to establish any claimed error. The record in this case is not sufficient to establish any error regarding the trial court's treatment of the police report.

Although we rest our decision on plaintiff's failure to serve the county clerk, there are other reasons that the claim did not comply with the statute. For one, it varied factually in its claim of damages. In the claim filed, plaintiff said that he was seeking damages of $15,000 for "pain and suffering, disability, present and future medical, disfigurement; as well as, wage loss." The petition filed, on the other hand, sought damages in excess of $50,000.

The failure to specify the same amount of damages as filed in his claim and the failure to conform his petition to the matters set forth in the claim is an additional reason why the claim did not substantially comply with the statute. K.S.A. 1998 Supp. 12-105b(d)(5) requires "a statement of the amount of monetary damages that is being requested." Plaintiff varied that statement from the claim to the petition and it renders his notice insufficient, and we hold it did not substantially comply with the provisions of the statute.

We affirm the trial court's dismissal of plaintiff's action due to his failure to file the statement of notice with the county clerk. In addition, plaintiff failed to conform his petition to the statement in his letter of notice. He also failed to properly plead the occurrence of a condition of precedent and did not comply with the statute. The trial court properly dismissed the case. "[A] trial court's reason for its decision is immaterial if the ruling is correct for any reason." *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 118, 936 P.2d 714 (1997).

Affirmed.