JOHN G. COOK, ADMINISTRATOR, APPELLANT, V. CITY OF BEATRICE, APPELLEE.

FILED FEBRUARY 12, 1926.   No. 23576.

1.  **Appeal:** QUESTION FOR JURY. On the disputed questions of fact presented in this record, the evidence is *held* sufficient to call for the submission of the case to the jury.
2.  **Compromise and Settlement:** JOINT TORT-FEASORS. A party who has a cause of action against two joint tort-feasors may settle with one and reserve his right to proceed against the other, and such settlement will not constitute a bar to his action.
3.  **Municipal Corporations:** COMMERCIAL ENTERPRISES. On the record presented in this case, it is *held* that, in maintaining its electric plant and selling current therefrom, defendant was acting outside its governmental functions and corporate duties.
4.  ———: ———. "It is no part of the duty of a municipal corporation to engage in a purely business or commercial enterprise. When it seeks and obtains from the legislature permission to engage in such an enterprise, its act in so doing is entirely voluntary on its part, and, while engaging in such business, it is acting in a purely private business capacity, outside of its functions and duties as a municipal corporation, and is bound by all the rules of law and procedure applicable to any other corporation or person engaged in a like enterprise." *Henry v. City of Lincoln,* 93 Neb. 331.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. *Reversed.*

*Hazlett, Jack & Laughlin* and *Sabin & Vasey,* for appellant.

*Sackett & Brewster* and *F. A. Dutton, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

Plaintiff, as administrator of the estate of Robert Cook, brought this action against defendant, a municipal corporation, to recover damages sustained by the death of plaintiff's intestate, a boy approximately eight years of age. At the

close of the testimony the court instructed the jury to
return a verdict in favor of defendant. The jury complied
with the instruction. A judgment was entered on the ver-
dict, and plaintiff brings this appeal.

On and prior to the day on which the boy met with the
fatal accident, defendant owned and operated an electric
plant in the city of Beatrice, from which it lighted the
streets and alleys of the city, and also did a commercial
business. The Nebraska Gas & Electric Company was
likewise the owner of an electric plant, and furnished serv-
ice to its patrons, within the city of Beatrice, by means of
wires strung along the public streets, and supported by
poles and cross-arms. On certain streets the city wires
were supported by the poles of the Nebraska Gas & Electric
Company by means of cross-arms attached to the poles.
The city and the Nebraska Gas & Electric Company, which,
for convenience, will hereafter be referred to as the com-
pany, had service lines running north on Sumner street to
Bismark street, and west from this intersection on the north
side of Bismark street. From what we may call the
terminal pole, or intersection pole, at the corner of Sum-
ner and Bismark streets, there descended from the top of
the pole to an anchor in the ground, about 40 feet north of
the pole, a metal guy-wire, or cable. The anchor was
closely adjacent to the foot-path on Sumner street. West
from the terminal pole there were trees with limbs project-
ing over and above the lines of wire, and, according to the
evidence of plaintiff, several weeks before the injury com-
plained of, employees of the company cut off a number of
these overhanging limbs. The evidence does not positively
show, but it may be inferred, that one of the limbs thus
cut off became entangled in the wires of the city, and the
company, and was permitted to remain entangled in these
wires for a considerable period, and up to the time of the
injury suffered. While this limb was entangled in the
transmission wires, plaintiff's intestate, a pedestrian upon
the public street, came in contact with the guy-wire hereto-
fore mentioned and was instantly killed.

After the death of the boy, employees of the company removed the limb and made an examination of the transmission lines. They testified upon the trial that the limb had disturbed the proper alignment of the wires, both of the city and of the company; that two wires had been drawn together and, as a result thereof, the insulation upon them was partially burned off and the current thus reached the guy-wire. It is alleged that this dangerous condition had existed for so long a time that the city and the company knew, or ought to have known, of its existence.

As we have reached the conclusion that the cause must be remanded for further proceedings, we refrain from a more extended statement of the pleadings and from a more detailed review of the evidence, to the end that, should the case again be tried, neither party may be prejudiced by our comments.

On the disputed questions of fact, the evidence is sufficient to call for the submission of the case to the jury. See *Schmelzel v. Leecy*, 104 Neb. 672; *Traphagen v. Lincoln Traction Co.*, 110 Neb. 855.

Prior to the trial of this action, plaintiff had effected a settlement with the company, but, under the terms of the agreement, which is in writing, it is expressly provided that such settlement should not work a release of the city, or discharge it from liability to plaintiff. Since the party who has a cause of action against two joint tort-feasors may settle with one and reserve his right to proceed against the other (*Tankersley v. Lincoln Traction Co.*, 101 Neb. 578), such settlement does not constitute a bar to plaintiff's action.

Plaintiff did not file a claim with the city under the provisions of section 4160, nor give notice under section 4161, Comp. St. 1922, and the trial court, in directing a verdict for defendant, gave this as his reason for sustaining defendant's motion for a directed verdict. This point is fully discussed in *Henry v. City of Lincoln*, 93 Neb. 331, and it is held that the statute, "requiring the filing of a notice with the city clerk of a municipal corporation within

30 days from the time a right of action for an unliquidated claim accrues, as a condition precedent to an action thereon, applies to claims against such a corporation arising out of the performance of its corporate duties, but has no application to a case arising out of the conduct by it of a purely private business enterprise, voluntarily entered into, which is entirely outside of its ordinary governmental functions or corporate duties."

The evidence in this case shows that, in maintaining its electric plant and selling current therefrom, the city of Beatrice was acting outside its governmental functions and corporate duties. The rule is:

"It is no part of the duty of a municipal corporation to engage in a purely business or commercial enterprise. When it seeks and obtains from the legislature permission to engage in such an enterprise, its act in so doing is entirely voluntary on its part, and, while engaging in such business, it is acting in a purely private business capacity, outside of its functions and duties as a municipal corporation, and is bound by all the rules of law and procedure applicable to any other corporation or person engaged in a like enterprise." *Henry v. City of Lincoln*, 93 Neb. 331. See, also, *Blake-McFall Co. v. Portland*, 68 Or. 126; *Pearl v. Inhabitants of Revere*, 219 Mass. 604; *Davoust v. City of Alameda*, 149 Cal. 69, 9 Am. and Eng. Ann. Cas. 847, 851.

For the reasons heretofore mentioned, the judgment of the district court is reversed and the cause remanded.

REVERSED.

Note—See (4) note in 50 L. R. A. n. s. 174, 19 R. C. L. p. 1042; 3 R. C. L. Supp. p. 992.