No. 32,115

E. D. Cole, *Appellee,* v. The City of Kansas City, *Appellant.*

(42 P. 2d 940)

Opinion filed April 6, 1935.

*Alton H. Skinner, William Drennan, John C. O'Brien, Clarence A. Mott, Otto Ziegelmeyer* and *Charles W. Louder,* all of Kansas City, for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages to a building alleged to have been caused by a defective fire hydrant. Judgment was for plaintiff. Defendant appeals.

Plaintiff alleged in his petition that defendant maintained a defective hydrant covering a period of time from February 1, 1932, to about August 11, 1932. On the above date he filed his statement and claim for damages with the city.

Defendant answered with a general denial, and that the hydrant in question was maintained by the board of public utilities of the city for use in its governmental capacity, and that if it caused dam-

age to the property of plaintiff the damage resulted from interlopers or third parties interfering with it without the knowledge of defendant.

At the close of plaintiff's evidence defendant's demurrer thereto was overruled, and defendant rested.

The cause was tried before a jury. A verdict for plaintiff was returned, and special questions were answered. The trial court overruled a motion of defendant for judgment on the special questions notwithstanding the general verdict; and for a new trial, and gave judgment for the plaintiff. From that judgment this appeal is taken.

The facts are that in 1930 the plaintiff owned a building located on a corner in Kansas City. In 1931 the city condemned the west side of this building and it was torn down. The entire building was rebuilt. This necessitated a fill of considerable amount along the west side of the building where the sidewalk was built. There was a hydrant located near the corner. When the street was widened in 1931 the old hydrant was taken out and a new steamer Ludlow hydrant was installed.

In February or March, 1932, the foundation of the building of plaintiff became wet; the water came through and under the foundation every time the hydrant was used. It caused the brick work to crack, and the walls, plaster and floors of the room to crack. All this was testified to by plaintiff, and since it is not contradicted by defendant must be taken as true.

Among the special questions answered by the jury were the following:

"6. Whom do you find from the evidence opened the hydrant on the 22d of March, 1932? A. Street department.

"7. Do you find from the evidence that the person or persons who opened the said hydrant on March 22, 1932, caused the hydrant to be damaged by misuse? A. Yes.

"8. If you find said hydrant was damaged as aforesaid, then state if said hydrant was repaired promptly by employees of the water and light departments of the city upon receiving notice of the damage. A. Yes.

"9. Do you find from the evidence that said hydrant leaked when properly opened and closed? A. No.

"10. Do you find from the evidence that said hydrant was in good condition from the 22d day of March, 1932, to the present time? A. Yes."

It is these answers which defendant argues entitle it to a judgment.

It will be remembered that plaintiff filed his claim with the city for damages on August 11, 1932. The court instructed the jury as follows:

"However, if in case you find for the plaintiff, you can allow him only such items of damage as you find from the evidence were sustained by him within a period of three months prior to August 10, 1932."

The above instruction was given on account of R. S. 12-105. That section is as follows:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto. Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires."

In this connection, the answer to question No. 10 becomes important. In order for the claim for the damages, of which complaint is made, to be filed in time under R. S. 12-105, the damages must have occurred not more than three months prior to August 10, 1932, or subsequent to May 10, 1932. Now, the jury, by its answer to question No. 10, found that the hydrant was in good condition from March 22 to the time of trial or considerably more than three months before that date.

Plaintiff attempts to meet this situation by arguing that the answer to the question should have been set aside by the court because there was no evidence to sustain it. He has a cross-appeal from the order of the trial court denying a request that this be done. We have examined the record on this point. It would serve no good purpose to set out the evidence in this opinion. Plaintiff relied on the city employees to prove this phase of his case. One of them, a trouble man on valves and hydrants for the water and light department, testified:

"I put in the rubber the last time I was there; those three times that I was there was during the spring and summer of 1932."

On cross-examination, however, he testified as follows:

"Q. All right, there was nothing wrong with it the second time. Now, the third time—the last time that you were there—do you know about what time that was? A. Sometime in the winter months. .

"Q. 1932? A. Yes, sir.

"Q. The last time you were there? A. Yes, sir.

"That was my last time there—I did not say that there was anything wrong with it—I found the stem bent slightly the last time I was there; I put in a new rubber at that time. I do not know how long these rubbers last. If the hydrant is not closed down, so that there is a little leak, it has a tendency to wear the rubber; if the hydrant is closed too tight, it will bend the stem."

There is additional testimony that the last time witness was at the hydrant was while there was a deep snow on the ground and the water was being used to flush it off the streets. The date of this snowstorm was fixed at about March 22, 1932.

There was testimony of another employee of the city, who was a witness for plaintiff, to the same effect.

In view of this testimony, it can hardly be said that there was not sufficient evidence to sustain the answer of the jury to question No. 10.

Plaintiff makes the further contention that the answer to question No. 10 should not entitle the defendant to judgment because even though the leaky hydrant was in good repair from March 22 until the time of trial, still the damage from it occurred to plaintiff's building after March 22, and less than three months before the filing of the demand with the city.

The trouble with that argument is that it must be considered in the light of the answers to other questions.

Question No. 3 is as follows:

"If you find that any part of the damage to plaintiff's building was caused by water from the said fire hydrant, then give the dates upon which said damage occurred. A. Three months prior to August 10, 1932."

The answer to this question must be considered in the light of the answers to questions 1 and 2. They are as follows:

"1. Do you find from the evidence that plaintiff's building was damaged by water from the hydrant in question? A. Yes.

"2. Do you find from the evidence plaintiff's foundation and building were damaged by the water which the plaintiff caused to be poured into the fill in flushing it? A. Yes."

An examination of these questions leads to the conclusion that the jury believed some of the damage to the building of plaintiff was caused by the water the plaintiff himself poured around the building a year before, and that there was no part of the damage that did not occur more than three months prior to August 10, 1932. Now, if the damage to the building occurred more than three months prior to the date when the claim was filed, and the hydrant in ques-

tion was in good condition from about five months prior to the date the claim was filed until the time of the trial, the conclusion follows that under the provisions of R. S. 12-105 the claim was filed too late.

There are other points raised in the briefs, but on account of the decision reached it will not be necessary to discuss them here.

The judgment of the trial court is reversed, with directions to enter judgment for defendant.