No. 39,414

GEORGE L. HIBBS, *Appellee,* v. CITY OF WICHITA, *Appellant.*

(271 P. 2d 791)

Opinion filed June 12, 1954.

*Douglas E. Shay,* of Wichita, argued the cause, and *Fred W. Aley* and *Theodore H. Hill,* both of Wichita, were with him on the briefs for the appellant.

*William C. Norton,* of Wichita, argued the cause, and *Harry W. Saums,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order overruling a demurrer to an amended petition.

Plaintiff commenced the action by the filing of a petition in which he sought to recover damages from the defendant city under provisions of G. S. 1949, 12-201, which read:

"All incorporated cities and towns shall be liable for all damages that may accrue in consequence of the action of mobs within their corporate limits, whether such damage shall be the destruction of property or injury of life or limb: *Provided, however,* That the number of persons that shall constitute a mob under this act shall be five or more."

From statements made in the abstract, and the briefs of the respective parties, we are advised that a demurrer to the petition was sustained on grounds of misjoinder of cause of action and that thereafter plaintiff filed the involved amended petition.

For all purposes essential to the disposition of the appeal it may be stated that in such pleading the plaintiff alleges in substance that his home in the City of Wichita was invaded on November 15, 1952, without legal authority by a mob, consisting of a group of more than five police officers of that city; that during the course of such invasion he was attacked and his property destroyed; that subsequently, and as a part of their attack, such officers forcibly dragged him from his home and, after placing him in a patrol wagon, drove him to the police department of the city in a careless and violent manner; that thereafter such persons forced him into an elevator in such police department, took him to the city jail and there confined him in a cell known as the "Hole"; that while they were attacking him such persons struck and assaulted his wife, Lola Hibbs, placed her in a city patrol car and took her to the city jail, where she was confined against her will, which acts caused him mental anguish and embarrassment; and that as a result of all the related acts and conduct of such group of officers he sustained injuries to his person and property, describing them at length, for which he was entitled to recover damages under the mob statute (G. S. 1949, 12-201).

After making the preceding factual statements the amended peti-

tion alleges specifically that on February 12, 1953, pursuant to G. S. 1949, 12-105, plaintiff presented to the governing body of the City of Wichita a verified claim for damages. It then asserts that such claim was presented within three months from the date of the alleged assault, that more than thirty days has expired since the date of its presentation, and prays for the recovery of judgment in the amount stated.

Defendant attacked the amended petition by a motion to strike certain allegations and to make others more definite and certain. It can be stated this motion, containing several grounds which we regard of little importance, and one of more consequence requesting that plaintiff be required to attach a copy of the claim alleged to have been filed with the City of Wichita to his amended petition, was overruled in its entirety and that thereupon the city demurred to such amended pleading on grounds (1) it improperly joined several causes of action and (2) failed to state facts sufficient to constitute a cause of action. When this demurrer was overruled the city perfected the instant appeal where the parties now concede the sole question involved is whether the trial court's action in that regard was erroneous.

There is little if any merit to appellant's arguments respecting error in the overruling of the first ground of its demurrer. It is clear from the allegations of the challenged pleading that the factual averments respecting alleged conduct of the police officers towards appellee's wife were made on the theory they entitled appellee to recover damages for his own mental anguish and embarrassment resulting from that alleged conduct and not for the purpose, as appellant contends, of recovering for personal injuries sustained by his wife. It is equally clear that allegations respecting assault, false arrest, false imprisonment, and malicious prosecution were included in such pleading as innuendo for the purpose of establishing one cause of action under the mob statute. Under such circumstances we know of and are cited to no authorities holding that several causes of action were improperly joined therein.

The first contention advanced by appellant as requiring a conclusion the amended petition failed to state a cause of action presents a far more perplexing and serious question. It is founded upon another section of our statute (G. S. 1949, 12-105) relating to the filing claims for damages, against the divers cities of the state, which reads:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto. Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires."

Boiled down the gist of all arguments advanced by appellant in support of its first contention is (1) that the statute just mentioned establishes conditions precedent to the maintenance of an action against the City of Wichita, or for that matter any city of the state; (2) that in the absence of affirmative allegations disclosing compliance with such conditions precedent a petition against the city on account of injury to person or property fails to state a cause of action; (3) that the filing of the written statement with the city clerk prior to the bringing of the suit, as required by its terms, is a condition precedent to the maintenance of such an action; and (4) that since the amended petition fails to contain allegations warranting a construction such a statement was filed with the clerk of the city prior to the bringing of the action it fails to state a cause of action.

Resort to the statute, which we pause to note has been applicable to cities of the first class since 1903 (L. 1903, Ch. 122 § 7), to cities of the second class since 1919 (L. 1919, Ch. 143 § 1) and cities of the third class since the 1923 revision of our general statutes (R. S. 1923, 12-105), is all that is required to establish that the legislature of this state has seen fit to fix the terms, conditions and circumstances under which it is possible to maintain a suit against a municipality for injury to person or property for there in clear and unequivocal language appears the statement that "no action shall be maintained by any person or corporation against any city" on that account unless upon compliance with the other provisions therein set forth. Thus it appears decisions of this court dealing with such statute are entitled to weight as controlling precedents regardless of the type of city involved.

This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property and long ago, in construing 12-105, *supra*, determined that its provisions established conditions precedent to the bringing of such an action which must be pleaded in order to withstand a demurrer

based on the ground the petition failed to state a cause of action. See *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682, where this court held:

"Chapter 143, Laws 1919, provides: 'That no action shall be maintained against any city of the second class, by any person or corporation in any court for damages on account of injury to person or property unless the person or corporation injured or damaged shall, within four months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement giving the time and place of the happening of the accident or injury received and the circumstances relating thereto.' *Held:*

"1st. To create a condition precedent to the maintenance of such an action;

"2d. To apply to minors as well as to adults;

"3d. The requirements of the statute cannot be waived by the mayor or any other city official; and

"4th. The legislature has power to enact a statute making such a condition precedent." (Syl.)

Likewise, see *Davis v. City of El Dorado,* 126 Kan. 153, 267 Pac. 7, which holds:

"Such a workman as is described in the first paragraph of this syllabus cannot recover from the city damages for injuries sustained by him in cutting a branch from a tree where he does not file with the city clerk a written statement giving the time and place of the happening of the accident and injury received and the circumstances relating thereto within three months after the happening of the accident." (Syl. ¶ 2.)

And where in the opinion, in addition to quoting the foregoing syllabus from *Dechant v. City of Hays,* supra, verbatim, it is said:

"The plaintiff sought to avoid the consequences which followed his failure to give notice by alleging two facts: First, that the injury so incapacitated him that he was unable to give notice sooner than he did; and second, that the defendant soon after the accident learned of it, acted on the information received, paid for medical attention and hospital services for the plaintiff, and paid for the care and maintenance of the minor children of the plaintiff.

"The statute is positive in its command. It does not recognize excuses. . . ." (p. 156.)

See, also, *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, where, although the trial court's decision in sustaining a demurrer to a petition stating the written statement contemplated by the statute had been filed with the city clerk was reversed on other grounds, it is to be noted the court emphasized and pointed out that the filing of such a statement with that official was a condition precedent when it said:

"The statute requiring a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed; but with re-

spect to the details of the statement precise exactness is not absolutely essential. . . ." (p. 536.)

Another decision to the same effect is *Ray v. City of Wichita*, 138 Kan. 686, 27 P. 2d 288. Still another is *Mowery v. Kansas City*, 115 Kan. 61, 222 Pac. 126, where it is said:

". . . The filing of the written statement *with the clerk* containing the matters set out in the statute is a condition precedent to the maintenance of an action of this character. . . .

"It is suggested by appellant that notice to a police officer who investigated the matter and his report thereof to the chief of police should be construed as a sufficient compliance with the statute. With this we cannot agree. Concerning a similar claim made in *Dechant v. City of Hays, supra,* it was said:

" 'In view of the various officials and employees which a city may and necessarily does have to transact the business of its government, it would be a dangerous and uncertain provision to interpret into a statute. (p. 732.)'

"More than that, in this case the report of the policeman did not disclose any liability on behalf of the city for injuries inflicted by a mob or for any other reason, nor did it disclose that plaintiff claimed damages by reason thereof. *But the matter need not be disposed of on that ground. The statute requires a written statement to be filed with the city clerk. This is not a great burden to put upon a claimant and must be complied with. No official or employee of the city has authority to waive it. . . ."* (p. 62.) (Emphasis supplied.)

For other decisions dealing with the subject and supporting generally what has been heretofore detailed see *Jones v. Kansas City*, 145 Kan. 591, 66 P. 2d 579, also *Thomas v. City of Coffeyville*, 145 Kan. 588, 66 P. 2d 600, holding the statute in question created a condition precedent to the bringing of an action and applied to minors as well as adults.

In the face of the statute and the foregoing decisions there can be no doubt that the first three of the heretofore mentioned arguments made by appellant in support of its position on appeal must be upheld. We are inclined to the view the same holds true of argument four but in view of contentions advanced by appellee with respect thereto are disposed to give it further consideration.

The first of appellee's contentions is that the fourth argument, and for that matter the other three, advanced by appellant are not subject to appellate review because, as the latter frankly concedes, the point made therein was not raised specifically in the court below. There is such a rule and, when the facts warrant, it is frequently applied. However, it has no application where—as here— it is claimed a pleading fails to state a cause of action by reason of failure to disclose compliance with legislative fiat creating a condi-

tion precedent to the maintenance of an action and everything relied on to support that position is documentary or of such nature this court in passing thereon is in the same position the trial court was in at the time it made its rulings.

In a sense, although recognizing our decisions are uniform to the effect that failure of a petition to disclose the filing of the, statement required under the provisions of 12-105, *supra,* renders such pleading demurrable for failure to state a cause of action, appellee's next contention seeks to overrule those decisions. In any event it seeks to avoid their force and effect. He suggests they all deal with situations where the statement was filed with the city clerk too late or where no statement at all, giving the city notice of the claim, was presented to some member of the governing body of the city, hence they are not to be regarded as controlling precedents. Otherwise stated, that the filing of the statement with the city clerk himself, or at least with that office, is not a part of the condition precedent established; by the legislature. We believe that question has been determined adversely to appellee's contention by the decisions heretofore cited, particularly by the statement quoted from *Cook v. Topeka,* supra, and the emphasized language of the portion of the opinion quoted from *Mowery v. Kansas City,* supra. Be that as it may, and assuming the point has not been specifically determined, we are convinced the filing of the statement *with the city clerk* is just as much, and just as vital, a condition precedent to the maintenance of the action as the condition prescribing the period of time within which such statement must be filed and we so hold.

Finally appellee contends the allegations of the petition should be construed as stating the statement required by the statute was filed with the city clerk. There is some quibble between the parties respecting whether the amended petition is to be liberally or strictly construed. We are not disposed to labor this dispute and will proceed on the theory such pleading is entitled to a liberal construction. This, of course, means its allegations must be given the benefit of all reasonable inferences that may properly be drawn therefrom when considered in the light most favorable to the party pleading them. However, that does not mean the doctrine of liberal construction can be extended to the point where failure to allege a condition precedent to the maintenance of an action can be ignored, supplied by inference and speculation, or given an ob-

viously erroneous construction or meaning. When construed as indicated what are the allegations of the challenged pleading with respect to the filing of the claim? It states, as we have heretofore indicated and again repeat for purposes of emphasis, that on February 12, 1953, pursuant to Chap. 12-105, G. S. K. 1949, plaintiff presented *to the governing body of the city of Wichita* a verified claim for damages. That language is clear and unequivocal and when given its plain and ordinary meaning means exactly what it says, *i. e.* that appellee *presented* his claim *to the governing body* of the city. To hold that such language means he filed his claim with the city clerk would result in supplying something to the amended petition by inference and speculation that is not there. Indeed to do so would give it an entirely different meaning. As has been heretofore demonstrated, the controlling statute required that appellee file his claim with the city clerk, not present it to the governing body of the city, in order to maintain the action, and our decisions, to which we adhere, hold that he must so allege in order to state a cause of action. The fact he alleges *that pursuant to 12-105,* supra, he presented his claim to the governing body of the city does not warrant a contrary conclusion. For all the amended petition discloses he may have believed presentation to the governing body was all that the statute required. The inescapeable result is that such pleading failed to state a cause of action and the trial court should have ruled accordingly.

The judgment and order of the district court is reversed with directions to sustain the demurrer.