No. 39,647

J. F. Wildin, Janie L. Wildin and Electa H. Wildin, *Appellants,*
v. The City of Hutchinson, Kansas, *Appellee.*

(282 P. 2d 377)

Opinion filed April 9, 1955.

*Abraham Weinlood, Bill R. Cole, Kenneth F. Ehling, D. Stewart Oswalt,* and *John H. Shaffer,* all of Hutchinson, were on the brief for the appellants.

*Roy C. Davis,* of Hutchinson, argued the cause, and *Fred C. Littooy,* city attorney of Hutchinson, was with him on the brief for the appellee.

The opinion of the court was delivered by

Thiele, J.: The fundamental questions in this appeal are whether in an action against the defendant city to recover for injuries to property as alleged in their petition the plaintiffs were required by G. S. 1949, 12-105 to file statement of their claim with the city, and if so whether the statement they did file met statutory requirements. An opinion is this day being filed in *Howell v. City of Hutchinson* (post 722) and reference is here made to portions thereof applicable to the situation here considered.

In April, 1943, plaintiffs commenced an action against the defendant city to recover for damages to their property resulting from alleged negligence of the city. Following a series of pleadings including demurrers and rulings thereon in February, 1954, plaintiffs were given leave to and did file their second amended petition, hereafter referred to as the petition.

For present purposes it may be said that in their petition plaintiffs alleged they were the owners of two described tracts of real estate (which actually are over three miles apart); that the Arkansas River adjoins a part of the property; that about May 1, 1942, the river was in flood stage and the city illegally constructed a dike along the river on land other than that owned by plaintiffs and in such manner as to obstruct the natural flow of the river and force the water on the plaintiffs' land destroying crops of the reasonable value of $20,-000 and causing permanent damages in the sum of $5,000, and that on or about June 5, 1942, they filed their claim with the city clerk of defendant city, a copy being attached to the petition as an exhibit. It read:

"Enclosed find statement for damages done by the recent flood waters of the Arkansas River thrown over on us by the structure known as the Risley-Colladay dike, which was caused to be built by the City Commission of Hutchinson.

"Damages to our crops, pasture and fences, twenty thousand dollars ($20,-000).

"Permanent damage five thousand dollars ($5,000)

"Total amount of damage, twenty-five thousand ($25,000) dollars.

Resp.

J. F. Wildin
Janie L. Wildin
Electa H. Wildin"

In the last paragraph preceding the prayer of their petition, plaintiffs alleged, in substance, that at the time they filed their claim, the words therein "recent flood waters of the Arkansas River thrown over on us by the structure known as the Risley-Colladay dike" and "our crops, pasture and fences" had a definite and specific meaning to the officials, agents and employees of the defendant city by reason of the fact that immediately prior to the construction of the dike they had been over the area which it was known would be affected by the dike and had maps showing the names of owners of lands which would be affected; that prior to the filing of the claim conferences were held between the plaintiffs and city officials concerning the effect of the dike and the damage to specific lands of plaintiffs

and plaintiffs were advised to file their claims and without advice of counsel they filed the above claim. Other allegations are in expansion of the above, and that at no time since the filing of the claim has there been any confusion or doubt as to the times and places indicated in the claim on the part of the commissioners or other officials or persons concerned on behalf of the defendant city. Their prayer was for judgment for $25,000.

The city filed its motion that the allegations of the last paragraph as above noted be stricken as irrelevant, immaterial, constituting no part of a cause of action against the defendant and as prejudicial purported conclusions of law and non-actionable statements of purported facts. The trial court ruled and adjudged that the motion to strike be sustained; the plaintiffs be allowed twenty days to file an amended petition, and, if not so filed, the cause stand dismissed.

In due time the plaintiffs appealed from the above rulings and now present for consideration and determination the following questions: Was the filing of a claim under the statute later mentioned an essential part of their cause of action? If it was, did their petition show that a claim was filed which should reasonably be construed as sufficient?

Insofar as is necessary to note, at all times here involved the statute now appearing as G. S. 1949, 12-105 was in effect and read:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto."

With respect to the appellants' first question, the gist of its contention is that it was error for the trial court to order the action dismissed, regardless of the terms of the claim filed, for the reason the action was maintainable even though no claim had been filed.

Appellants first argue that the above quoted statute does not apply to acts of the city done in its proprietary capacity, but only to those imposed by statute or done in the performance of governmental functions. In support our attention is directed to two Nebraska cases, *i. e., Henry v. City of Lincoln*, 93 Nebr. 331, 140 N. W. 664, and *Cook v. City of Beatrice*, 114 Nebr. 305, 207 N. W. 518. We need not review those cases here nor point out any reasons why they should not be followed. The question has previously been be-

fore this court and decided. In *Thomas v. City of Coffeyville*, 145 Kan. 588, 66 P. 2d 600, where it was contended the statute referred to claims arising out of governmental functions and had no application to claims arising out of proprietary functions, and that erection and use of a memorial was in a proprietary capacity, this court stated it need not determine whether the erection and use of the building was in one classification or the other; that the language of the claims statute was all-inclusive; that the legislature had power to fix the conditions under which a city may be sued, that if there are to be exceptions to the plain language of the statute, they must be made by the legislature and not by the courts; and plaintiff was not relieved from giving timely notice of his claim even if it be assumed the city was engaged in a proprietary function.

Appellants next argue that the lands should have been taken by proceedings in eminent domain and that the injured owner need take no affirmative action unless dissatisfied with the award. It may first be observed that the petition discloses the dike therein mentioned was not constructed on plaintiffs' land but that the damage sustained by them was because the dike obstructed the flow of water and forced it onto their lands. The petition was not framed on any theory of lack of proceedings in eminent domain but on the theory the city had committed a tort. Under the facts pleaded, had there been necessity for proceedings in eminent domain by the city and none had, the plaintiffs would have had an enforcible claim for lands taken and possibly for damages sustained to their lands if the lands were not taken. Such a claim would be within the purview of the above statute.

An inferred, rather than direct, argument that the statute is unconstitutional, is not good. See *Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682. Nor is the contention that no statement of claim is necessary where the injury is a part of the work carried on by the city and therefore necessarily anticipated and intended. See *Campbell v. City of Wichita*, infra.

In our opinion it may not be said that plaintiffs could maintain their action without compliance with the above statute.

Appellants further contend that the statement filed by them with the city clerk met the requirements of the statute quoted above asserting that the purpose of the statute is to apprise the city that damages are claimed and to enable the city to investigate so that it may determine whether the claim should be allowed or denied, and

if the statement filed is sufficient to accomplish that purpose it is a compliance with the statute and not to be held insufficient on technical grounds. In support our attention is directed to three cases. The first is *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, from which extensive quotation is made. A review of that case is made in *Howell v. City of Hutchinson* this day decided (post 722) and reference is made thereto. The Cook case holds that compliance with the statute is mandatory; that no action can be maintained unless a statement is filed but that it is not absolutely essential that precise recitation of details be made; that if the statement reasonably complies with the statute and the city is not misled to its prejudice by any defects in the description of the place where the injury occurs, the city has no reason to complain. The second case is *Haggard v. Arkansas City,* 116 Kan. 681, 229 Pac. 70. In that case the statement filed with the city clerk stated that claimant sustained damages "within the City Limits of said City." This court took note of our repeated holdings that the statute is mandatory and must be substantially complied with or an action cannot be maintained and stated that specific exactness in the statement is not required but that a substantial compliance in good faith is required. It was held the notice given did not comply with the statute. The third case is *Jones v. Kansas City,* 145 Kan. 591, 66 P. 2d 579, where it was contended the place of the injury was misdescribed in the statement filed with the city clerk. This court said that the place of accident described in the petition, when construed with the notice of claim attached to it, was the same as that contained in the statement. We shall not review that decision further than to note it was said the rules of the case of *Cook v. Topeka,* supra, had been consistently followed.

Appellants argue that the circumstances pleaded, but stricken, show that the erection of the dike by the city and results following its erection make the instant case parallel to *Cook v. Topeka.* In our opinion the situation presented in the instant case is clearly distinguishable from that before the court in the case last mentioned. There the city had immediate notice of the claimant's injuries and immediately removed the obstruction which caused the accident, and when the claim was filed, and the only defect in it was the place was erroneously stated, the city already knew time, place and circumstances.

It has been repeatedly held that compliance with the quoted

statute is mandatory and that there must be substantial compliance with it before an action against the city may be maintained. See *Hibbs v. City of Wichita*, 176 Kan. 529, 271 P. 2d 791, and cases cited. We need not dwell at length upon the fact that, restricting our examination to the content of the statement filed with the city clerk, it discloses that neither the time nor the place of the injuries was set forth and that the statement of the circumstances was, to say the least, somewhat hazy. The trial court, in a memorandum opinion expressly made a part of its ruling, as reflected by the journal entry, placed that ruling on the failure of the claimants, now the appellants, to state the place of the injury, and we shall limit our discussion of the matter to that phase for we deem it decisive.

There is no doubt under our decisions, and *Cook v. Topeka*, supra, is not the only one, that where in the statement filed the place is erroneously fixed, the facts may be such as to lead to a conclusion the city was not prejudicially affected because of variance between the statement and later allegations and proof as to place, but we have no case holding that failure to state the place can be avoided by allegations made in a petition seeking recovery. In the instant case the statement was silent as to the place of the injuries. The petition made it clear that appellants were not seeking recovery for the mere erection of the dike for it was located on lands other than appellants alleged they owned. The two tracts which appellants alleged they owned were over three miles apart at their closest points, and even under their allegations which were stricken, it was not stated whether the damages were to or on one of the tracts or to or on both. The fact that the city, in constructing the dike, may have known there was likelihood of damages cannot be interpreted as equivalent to knowing that appellants would suffer any damage to or on any of their lands. In *Campbell v. City of Wichita*, 101 Kan. 817, 168 Pac. 833, the city had vacated a street under circumstances set forth in the opinion. Certain property owners who claimed damages because ingress and egress to their property was obstructed brought suit to recover therefor. The city defended on the ground, among others, that plaintiffs had failed to file their statutory statement of claim. Directing attention to the statute requiring filing of statement of claim, the court said it was plain the object of the statement was to apprise the city of the place and circumstances of the injury; that it was difficult to see

how the city which had enacted the ordinance would have received any benefit from any statement which the claimants could have filed except the mere warning they intended to bring an action; that even in the situation presented the timely filing of a statement might have called the city's attention to demands of which it had no notice and enabled it better to prepare for resisting an action; that it was but fair to require one intending to sue the municipality to give the notice and while in the particular instance the reasons which ordinarily go to make filing of a statement practically as well as technically necessary were wanting, the prohibitive and jurisdictional nature of the requirement nevertheless remained.

There is close analogy between failure to file any statutory statement, and failure to file a statement setting forth an essential requirement. The trial court, in its memorandum opinion, held that the statement of claim contained no description of the place of injury and hence there had been no compliance, substantial or otherwise, with the statutory requirement. For reasons heretofore set forth, we agree.

The ruling and judgment of the trial court is affirmed.