No. 44,869

Martel Workman, by Elsie Workman, His Wife and Next Friend, *Appellant,* v. The City of Emporia, Kansas, A Municipal Corporation, *Appellee.*

(434 P. 2d 846)

Opinion filed December 9, 1967.

*Dale A. Spiegel,* of Emporia, argued the cause, and *Hans L. Peterson,* of Lawrence, *George E. McCullough, W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker,* and *James L. Rose,* all of Topeka, were with him on the brief for the appellant.

*Marc A. Hurt,* of Emporia, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The plaintiff, Martel Workman, brings this action by Elsie Workman, his wife and next friend, to recover damages from the city of Emporia, Kansas, for personal injuries allegedly sustained as a result of negligence on the part of city police officers. The city filed a motion to dismiss the action on the ground that the petition failed to state a claim upon which relief could be granted. The trial court sustained this motion and the plaintiff has appealed.

In summary, the petition alleges that on July 22, 1964, the plaintiff was a customer and business invitee of the municipal parking lot operated as a revenue producing business by the city and equipped with meters to receive coins from the customers; that while he was a customer the plaintiff became ill and lost consciousness beside his automobile and has remained in a semi-conscious state to the time this action was filed; that at 3:44 p. m. on said date the police department of Emporia received a telephone call to attend the plaintiff, and an officer or officers removed plaintiff to the city jail; that despite plaintiff's unconscious state the agents, servants and employees of the city did nothing to investigate his condition nor to summon medical aid or secure a physician, but let him lie unconscious until about 10:30 p. m., when a telephone conference was held with plaintiff's wife, who thereupon called a physician who had plaintiff taken to St. Mary's Hospital, where emergency aid was administered.

The petition further alleges that on the following day the plaintiff was removed to the Kansas University Medical Center at Kansas City, Kansas, where extensive brain surgery was performed for a ruptured aneurysm, which saved his life, but left him totally and permanently disabled and wholly dependent upon his wife; that notice was served on the city clerk, pursuant to K. S. A. 12-105, on or about May 13, 1965, and the claim was denied July 21, 1965.

The petition concludes by alleging that the neglect of the city's agents, servants and employees was the proximate cause of plaintiff's damages.

The city's motion for dismissal was predicated on two grounds: (1) that plaintiff did not comply with the provisions of K. S. A. 12-105, requiring written claim to be filed with the city within three months after the injury was incurred, and (2) that the officers or

members of the police department were acting in pursuance of the police power of the city, for which the city would not be liable. In sustaining the motion and dismissing plaintiff's action, the trial court concluded that both grounds relied on by the defendant were valid and required dismissal of plaintiff's lawsuit.

We shall first consider the contention that the trial court erred in holding that plaintiff's failure to file a written claim or statement with the city within the three month period provided in K. S. A. 12-105 precludes him from maintaining this action.

So far as pertinent to this case K. S. A. 12-105 provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto . . ."

The plaintiff does not dispute the existence of this statute, or that it was a part of our statutory law at the time of his injury. Neither does he claim that his statement was filed within the time prescribed by the statute. He does maintain, however, that the statute should not bar him from maintaining this action for two reasons: (1) that he should not be held to strict compliance with the requirements of notice when he was mentally and physically incapacitated; and (2) that the statute is unconstitutional. We disagree as to both grounds.

Since the precursor of this statute was first enacted in 1903, this court has consistently held that compliance with its requirements is mandatory and is a condition precedent to the maintenance of an action for damages against a municipality. In the recent case of *Cornett v. City of Neodesha*, 187 Kan. 60, 353 P. 2d 975, we discussed this matter in some depth and said:

"This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property. Indeed it has long been committed to the proposition that the provisions of the statute just quoted, which we pause here to note have been applicable to cities of the first class since 1903 (L. 1903, Ch. 122, § 7), to cities of the second class since 1919 (L. 1919, Ch. 143, § 1) and cities of the third class since the 1923 revision of our general statutes (R. S. 1923, 12-105), establish conditions precedent to the maintenance of an action against a municipality on account of injuries to persons or property; and that it is incumbent upon any person seeking to maintain such an action to affirmatively plead substantial compliance with the requirements of its provisions

in order to state a cause of action against the city. See, *e. g., Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682; *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791; *Wildin v. City of Hutchinson,* 177 Kan. 671, 282 P. 2d 377; *Howell v. City of Hutchinson,* 177 Kan. 722, 282 P. 2d 373; *McGinnis v. City of Wichita,* 180 Kan. 608, 306 P. 2d 127; *Watkins v. City of El Dorado,* 183 Kan. 363, 327 P. 2d 877; *Avery v. City of Lyons,* 183 Kan. 611, 331 P. 2d 906." (pp. 62, 63.)

That the legislature intended the filing of the statement required by the statute to be a condition precedent to maintaining suit against a municipality is clearly revealed in the title of L. 1957, Ch. 84, which is now K. S. A. 12-105. The title reads:

"AN ACT relating to conditions precedent to actions against cities, amending section 12-105 of the General Statutes of 1949, and repealing said original section."

This court has expressly held that timely filing is an essential part of compliance, *i. e.,* that the statement must be filed within the period prescribed. In *Ray v. City of Wichita,* 138 Kan. 686, 27 P. 2d 288, we held that a claim which was filed one day late was not filed within the required three months. See, also, *Cole v. Kansas City,* 141 Kan. 633, 42 P. 2d 940, and *Beard v. Kansas City,* 96 Kan. 102, 150 Pac. 540.

Plaintiff's contention that his incompetence should excuse him from complying with the requirements of K. S. A. 12-105 has been specifically ruled on, and rejected, in *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682. This was an action against the city to recover damages for personal injury alleged to have been sustained by a nine-year-old boy. The petition alleged that the youngster's physical and mental condition had been affected by the injury, which injury continued to the time of filing suit. The city demurred on the ground that the plaintiff had not complied with the terms of the statute requiring written notice to be filed with the clerk. In upholding the lower court's order sustaining the demurrer, the court had this to say:

"Appellant contends that the statute, properly construed, does not apply to a minor of the tender years and in the physical and mental condition that the appellant is alleged to have been during the time in question. It will be noted that the statute makes no exceptions as to minors, and for this court to write into the plain, unambiguous words of the statute an exception, in so far as it pertains to minors, or in so far as it pertains to persons in the physical or mental condition described in the petition, would be to constitute the court a law making power instead of a law-interpreting body. Our legislature has, in a number of instances, embodied provisions or exceptions in statutes pertaining to minors, and the fact that the law making body did not do so in this statute,

in view of what appears to be the disposition of the legislature to make those exceptions where they desire, would confirm the idea that the legislature did not intend any exceptions of this character in this statute." (p. 731.)

The decision in Dechant was followed in *Thomas v. City of Coffeyville*, 145 Kan. 588, 66 P. 2d 600, where the plaintiff was likewise a minor. In this case this court held that the statute, then G. S. 12-105, created a condition precedent to maintaining such a lawsuit and that the statute applied to minors as well as to adults.

In *Davis v. City of El Dorado*, 126 Kan. 153, 267 Pac. 7, an action to recover for personal injuries, the plaintiff did not file a written notice within the time prescribed and sought to avoid the consequences of his failure on the ground that the injury had so incapacitated him that he was unable to give notice sooner. In rejecting such contention this court said:

"The statute is positive in its command. It does not recognize excuses. . . ." (p. 156.)

The plaintiff acknowledges the force of the Dechant and Thomas decisions but attempts to distinguish them from the instant case on the basis that here the plaintiff alleges a continuing physical *and* mental incapacity. We think such a distinction, if one there is, can be considered merely one of degree, not of kind. Moreover, in Dechant, the plaintiff alleged his physical *and* mental condition was affected, while in Davis the claimed incapacity was not described, leaving us to conjecture whether it was mental, physical or a combination of both.

However, we do not intend to reach our decision in this case by quibbling over distinctions. Fulfillment of the requirements of K. S. A. 12-105 has uniformly been held by this court, and has been expressly declared by the legislature, to be a condition precedent to the maintenance of a damage action against a city. The statute makes no exception in cases where the injured person may be incompetent for any reason, and we have no authority to amend the act by reading such an exception into it. If an exception of such nature is to be engrafted on to the statute it must be accomplished by legislative action, not by judicial fiat.

We recognize that the rule to which we have so long adhered may differ from that followed in some jurisdictions, and that the incapacity or incompetency of one who has been injured is held by respectable authorities to excuse the giving of timely notice. However, from the annotation appearing in 34 A. L. R. 2d Municipal

Corporations—Injury—Notice 725, *et seq.,* it is clear this court is not alone in its holding; that there is a diversity of judicial opinion on the subject. But regardless of which view may be said to represent the majority opinion or the modern trend, we decline to depart from the rule first adopted by this court in *Cook v. Topeka,* 75 Kan. 534, 90 Pac. 244, and applied with consistency ever since.

The constitutionality of the statute has been challenged in previous cases. The issue was raised in both Dechant and Thomas and was determined adversely to the plaintiff's contention. In the Dechant case, at page 733, the court quoted the following passage from White on Municipal Negligence, § 668:

" 'Statutes and charter provisions requiring claims for damages against a municipal corporation to be presented within a prescribed period, are within the general scope of the legislative power, and do not violate constitutional rights, provided the period limited is not so short as to deprive the claimant of a substantial remedy.' " (p. 733.)

The constitutional question was again brought up in *Thomas v. Coffeyville,* supra, and the Dechant decision was followed. A later expression is found in *Wildin v. City of Hutchinson,* 177 Kan. 671, 674, 282 P. 2d 377, where we said "the argument that the statute is unconstitutional is not good."

In *Hibbs v. City of Wichita,* 176 Kan. 529, 271 P. 2d 791, we said:

"This court has always recognized the power of the legislature to enact a statute establishing conditions precedent to the maintenance of an action against a city for damages to person or property . . ." (p. 532.)

See, also, *Bohrer v. State Highway Comm.,* 137 Kan. 925, 927, 22 P. 2d 470, as to the power of the legislature to enact a statute creating such a condition precedent.

Before leaving this phase of the case it may not be amiss to point out that not only is this action being maintained by the plaintiff through his wife and next friend, pursuant to the provisions of K. S. A. 60-217 (c) but it is fair to presume his wife also filed the belated statement of May 13, 1965, with the city clerk. We believe Mrs. Workman possessed the legal right to file such a statement on behalf of her incompetent husband, (see *Dechant v. City of Hays,* supra, p. 732), as well as to institute this suit, and no attempt is made to explain why she failed to file the claim within the period prescribed by the statute.

In view of our conclusion that the plaintiff is precluded from maintaining this action because of his failure to comply with the

requirements of K. S. A. 12-105, we need not consider the interesting question of governmental immunity raised by the city's motion to dismiss, and presented by the parties in their briefs and oral arguments. While certain fascinating facets of the doctrine are suggested by the record, we leave them for future contemplation and decision, should occasion therefor ever arise.

The trial court correctly sustained the defendant's motion for dismissal and its judgment is affirmed.