NOT DESIGNATED FOR PUBLICATION

No. 115,973

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

REDIE BELL LEWIS,
*Appellant*,

v.

CITY OF LEAVENWORTH;
LEAVENWORTH CITY COMMISSION;
LEAVENWORTH ZONING & CODE ADMINISTRATION; *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed January 27, 2017. Affirmed.

*Redie Lewis*, appellant pro se.

*Michelle R. Stewart* and *Jennifer R. Johnson*, of Hinkle Law Firm LLC, of Overland Park, attorneys for appellees.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*:  Redie Bell Lewis appeals the district court's dismissal of her petition seeking damages and an injunction to prevent the City of Leavenworth from demolishing a rental property she owns in Leavenworth, Kansas. Finding no reversible error, we affirm the dismissal.

1

*Factual and procedural background*

Lewis purchased the four-unit apartment building at 724 Pottawatomie Street in "as-is" condition, knowing it was on the City's demolition list. She stated in her petition that over a period of 15 months, she invested over $46,000 in rehabilitating five properties in Leavenworth and Leavenworth County, including $700 for exterior painting of the apartment building. She stated that she was successful in removing one of the properties from the demolition list but was forced into deeding over two other properties to the City in an effort to halt demolition. She filed for bankruptcy during the pendency of the district court case underlying this appeal and states that this has halted demolition of the apartment building. See *In re: Redie Bell Lewis*, Case No. 16-20235 (pending).

Lewis did not indicate when she purchased the apartment building, but in March 2015, she was granted an extension of time to do the work necessary to prevent the City from proceeding with demolition. The Commission reviewed the progress on the property during its July 14, 2015, meeting. It found that only exterior painting and no other repairs had been done and voted unanimously to move forward with demolition of Lewis' property.

Within 30 days of the decision, on August 2, 2015, Lewis filed what she styled as a "Request for Appeals Rights Guidelines or in the Alternative:  Appeal Against Demolition" with the City Clerk for service on the City Manager, the City Planner, and a member of the City Codes Department. In it, she asked for guidelines for taking an appeal and for a response from the City "before the time limit passes by." The City did not respond. She filed this suit October 6, 2015, 65 days after filing her "Appeal" with the City, and 84 days after the City Commission's final decision.

The City moved to dismiss the lawsuit. In response, Lewis filed a motion to dismiss her damages claims without prejudice and an amended petition that sought only

2

injunctive relief. The district court granted the City's motion without ruling on Lewis' motion, finding that the court lacked jurisdiction to hear Lewis' case because the suit had not been timely filed and other jurisdictional prerequisites had not been met.

*Standard of review*

The question of a party's compliance with a statute involves statutory interpretation and thus is a question of law subject to de novo review. *Sleeth v. Sedan City Hospital*, 298 Kan. 853, 863, 317 P.3d 782 (2014).

*The damages claims*

We first review the dismissal of Lewis' claims for monetary damages. In ruling on the damages claims, the district court first stated that although Lewis had filed a motion to dismiss her damages claims without prejudice, it would not rely on this ground for dismissal because it had never ruled on that motion.

Instead, the district court found that Lewis failed to meet the "jurisdictional prerequisite" of pleading compliance with K.S.A. 2015 Supp. 12-105b(d), which requires a plaintiff to serve notice on a municipality before filing a suit against it for monetary damages. We construe this notice to be a condition precedent to bringing such a lawsuit. *Tucking v. Board of Jefferson County Comm'rs*, 14 Kan. App. 2d 442, 445, 796 P.2d 1055 (1990). Conditions precedent must be pled in the plaintiff's complaint. K.S.A. 2015 Supp. 60-209(c).

Our Supreme Court has held, however, that if a plaintiff timely serves a proper notice but merely fails to plead it, a district court should not dismiss the case but should instead grant a motion for leave to amend the pleadings. *James v. City of Wichita*, 202 Kan. 222, 227, 447 P.2d 817 (1968). But Lewis did not file a proper notice, as her filing

3

with the City Clerk did not contain all of the elements required by the relevant statute, K.S.A. 2015 Supp. 12-105b(d). That statute requires the notice to contain:

> "(1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested." K.S.A. 2015 Supp. 12-105b(d).

Lewis' notice contained the first three elements, but not the last two. She did not ask for monetary damages as required by elements (4) and (5). Instead, the relief she sought was injunctive, to require that the City follow its ordinances concerning notice of property code violations. Because Lewis' notice did not fulfill the requirements of section 12-105b(d), the prerequisite to the district court having jurisdiction was not satisfied, and the district court's dismissal of her damages claims was proper. See *Sleeth*, 298 Kan. at 863.

To the extent Lewis may be challenging the constitutionality of the notice requirement, her argument fails. Our Supreme Court has upheld the constitutionality of requiring litigants to serve notice on a municipality before filing a suit against it for monetary damages. See, *e.g*., *Hibbs v. City of Wichita*, 176 Kan. 529, 532, 271 P.2d 791 (1954). And courts have specifically found that the requirements of K.S.A. 2015 Supp. 12-105b(d), which the district court applied to Lewis, do not violate one's constitutional rights to due process and/or equal protection. See *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 380, 988 P.2d 263 (1999); *Unified School Dist. No. 457, Finney County, Kan. v. Phifer*, 729 F. Supp. 1298, 1306 (D. Kan. 1990). *The claims for injunctive relief*

4

The district court dismissed Lewis' claims for injunctive relief as being untimely filed. The district court applied K.S.A. 12-760(a), which states:

"(a) Within 30 days of the final decision of the city or county, any person aggrieved thereby may maintain an action in the district court of the county to determine the reasonableness of such final decision." K.S.A. 12-760(a).

The City Commission's final decision in this case was on July 14, 2015, but Lewis did not file any appeal of that decision until October 6, 2015, outside of the 30-day time limit. The time for taking an appeal of an administrative action is prescribed by statute and is jurisdictional; thus, delay beyond the statutory time is fatal. *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 749, 740 P.2d 585 (1987). The district court found that Lewis had actual knowledge of the time requirements for her action because her previous case, 2015CV00145, had been dismissed on timeliness grounds.

Therefore, the district court properly dismissed Lewis' claims for injunctive relief as untimely.

*The due process claims*

Lewis' brief on appeal is no model of clarity. But under Kansas law, pro se pleadings are to be construed liberally. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). In an abundance of caution, we address several additional claims Lewis appears to raise. The first of these is that the district court violated her right to due process.

The fundamental elements of procedural due process are notice and a meaningful opportunity to be heard on the matter. *In re Care & Treatment of Hay*, 263 Kan. 822, 831, 953 P.2d 666 (1998).

5

The initial governmental action of placing the property on the demolition list occurred before Lewis' purchase and, thus, no due process right arose for her regarding that decision. As to the City's decision that it would not remove the property from the demolition list, Lewis argues that she could not remedy the problems because she was not given written notice of the violations; yet, she states that she voluntarily entered into "Property Remediation Agreements" with the City that contained a list of tasks for her to complete. Lewis also states in her brief that she appeared before the City Commission more than once after buying the property; so, her right to be heard was satisfied.

Regarding notice, Lewis alleged that the City Commission failed to provide her with the notice required by two sections of the Leavenworth Code of Ordinances (Leavenworth Code). However, neither section applies because both sections refer to stages prior to property being found "unsafe and dangerous" and being put on the demolition list.

Lewis argues that the City did not comply with section 22-803 of the Leavenworth Code, which requires the City to provide notice of nonhazardous violations, of the available programs to help with abatement of the violations, and of the right to request an informal review to discuss a time table and alternative solutions to remedy the violations. Leavenworth Code Sec. 22-803. However, that chapter of the Leavenworth Code does not apply to condemned properties having "unsafe and dangerous conditions." Instead, it applies to properties having "non-hazardous" violations that "would not necessarily make a home unfit for continued occupancy." Leavenworth Code Sec. 22-801. The condition of the property when Lewis bought it was long past the stage of violating maintenance standards, so section 22-803 of the Leavenworth Code does not apply.

Lewis also cites Leavenworth Code Section 22-704, which requires specific notice to the owner before the city razes or repairs a structure. In relevant part, it states that a governing body will determine at a hearing whether a structure is unsafe or

6

dangerous and issue such findings by resolution. The resolution must contain the following:

> "[A statement of] a reasonable time within which the repair or the removal of such structure shall be commenced, and a statement that if the owner of such structure fails to commence the repair or removal of such structure within the time stated, or fails to diligently prosecute such repair or removal until the work is completed, the governing body will cause the structure to be razed and removed or repaired." Leavenworth Code Sec. 22-704(c).

The City Commission complied with this statute by issuing Resolution B-2105 at its meeting on March 17, 2015, granting extensions to Lewis and five other property owners to do the work necessary to remove their properties from the demolition list.

At its July 14, 2015, meeting, the Commission reviewed the progress on those six structures. A city official acknowledged that "some paint had been applied" at 724 Pottawatomie, which is consistent with Lewis' pleadings. However, the commission found that no "repair or removal" as required by Leavenworth Code Section 22-704 had been done on Lewis' property and voted unanimously to move forward with the demolition of it and three other properties.

Lewis argues she was not served with notice of this decision in violation of the requirement of Leavenworth Code Section 22-704(b). Assuming Lewis is correct, we find any such error to be harmless because her pleadings state that she learned of that decision the next day via the newspaper. Lewis thus had actual notice, probably earlier than she would have if she had been personally served. Thus, the City's failure, if any, to comply with the specific notice provision was harmless error.

Lewis also challenges the City's failure to serve her with the journal entries of judgment following the hearings in this case and in 2015CV00145. She states that the

7

"City's failure to timely serve me is the main basis for my appeal in both cases 2015CV00145 & 2015CV00345." She argues that she lost the ability to appeal case 2015CV00145 because the City did not serve her with the journal entry of dismissal until 70 days after it was signed. But this court fully considered these circumstances when we dismissed the appeal of case 2015CV00145 and cannot reexamine them here.

As to the case underlying this appeal, 2015CV00345, Lewis timely filed her notice of appeal in the district court on December 2, 2015, the day of the hearing, so any failure of service is harmless. This court granted Lewis leave to docket her appeal out of time. Thus, any due process claim is meritless.

*The right to petition the government for redress of grievances*

Lewis also argues that the district court violated her right to petition the government for redress of grievances by terminating her case before discovery or a pretrial conference was held. Further, she argues that she was entitled to proceed to trial because she demanded a trial by jury in her pleadings.

Lewis cites no authority for either of these propositions, and we find none. Making a demand for trial by jury does not a guarantee a trial, but assures only that in the event a trial is held, the facts shall be determined by a jury instead of by a judge. As discussed above, the district court did not have jurisdiction to hear the case and was compelled to dismiss it immediately, without discovery or trial. Doing so did not infringe any of Lewis' constitutional rights.

*The need for the district court judge to recuse himself*

Lewis also claims that the district court judge should have recused himself due to a conflict of interest. During the pendency of this case in the district court, Lewis

8

apparently filed a quitclaim deed that purported to deed the subject property to herself, the district court judge, and four other public officials.

Lewis' argument that the quitclaim deed created a conflict of interest is without merit because even assuming a conflict of interest arose, it was entirely from Lewis' own actions. Justice does not permit one to create a conflict then seek an advantage because of it. *Cf. State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014) (finding a litigant may not invite error and then complain of the error on appeal).

*The misconstrual of Lewis' petition*

Finally, Lewis argues that the district court treated her petition as a "'Municipal Court' appeal filed out-of-time" instead of as a petition for injunction. She argues this was incorrect because the City had not brought any action against her in court. But the district court was actually referring to her case as an appeal from the action of a municipality, not as an appeal from a municipal court.

Lewis also seems to be complaining that the district court construed her petition as an appeal, rather than an independent action. But her petition disputes the reasonableness of the City's determination that her property contained unsafe structures and required cleanup and repair beyond what she had done. Lewis thus challenges the judicial or quasi-judicial functions of a political subdivision. Lewis was required to appeal within 30 days of the City's order and could not collaterally attack the administrative order through an independent action. See *Kirtdoll v. City of Topeka,* No. 95,946, 2007 WL 570293, at *2 (Kan. App. 2007) (unpublished opinion) (finding the district court lacked jurisdiction because the plaintiff did not exhaust administrative remedies; he failed to appeal within 30 days of the original order to abate a property nuisance and could not collaterally attack the administrative order through a later independent tort action); *Dahl v. City of Shawnee,* No. 92,144, 2006 WL 851232, at *8-11 (Kan. App. 2006) (unpublished opinion) (finding

9

the City could, after resolution, raze or remove unsafe structures if the owner failed to "diligently prosecute" the removal or repair, so Dahl had 30 days to appeal; Dahl's failure to exhaust administrative remedies deprived the court of jurisdiction). Here, as in *Kirtdoll* and *Dahl,* Lewis had to appeal the City's action within 30 days.

Accordingly, the district court properly construed Lewis' petition and properly dismissed it.

Affirmed.